```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA           :    NOTICE OF MOTION

        - v -                      :    05 Cr. 1280(KMK)

VITO FORESTIER,                    :

                                   :
            Defendant.
                                   :
-----------------------------------X
```

**PLEASE TAKE NOTICE** that upon the annexed affirmation of the defendant, Vito Forestier, the defendant will move, pursuant to Rule 12 Fed.R.Cr.P. for an Order suppressing the physical evidence seized by the police from him and the car he had been driving on the ground that the police lacked probable cause to arrest him and conducted a warrantless search of the car and of his person and further moves the suppression of his postarrest statement which was a fruit of the unlawful searches as well as coerced by the police's threat to keep his "common-law wife" in custody and give their young child to "BCW", the Bureau of Child Welfare.

Because the police will claim that the sole basis for Mr. Forestier's arrest was that a police officer observed "an unwrapped glassine containing a white powdery substance [in plain view] on the driver's door console" and Mr. Forestier denies this assertion, no pre-hearing memorandum of law is submitted with

-1 -

these moving papers, as the motion to suppress the physical evidence turns entirely on the truth or falsity of the alleged "plain view sighting" and it is hornbook law that, if the government fails prove the plain view sighting by a preponderance of the evidence, Mr. Forestier should not have been arrested and he and the car should not have been searched, and that the postarrest statement not have been taken.

Dated:   New York, New York
         March 20, 2006

                                        Yours, etc.

                                        LEONARD F. JOY, ESQ.
                                        Federal Defender of New York

                                  By:   _____
                                        **ROLAND THAU, ESQ.**
                                        Staff Attorney
                                        Attorney for Defendant
                                            **Vito Forestier**
                                        52 Duane Street - 10th Floor
                                        New York, New York  10007
                                        Tel.: (212) 417-8733


TO:   MICHAEL J. GARCIA, ESQ.
      United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York  10007
      Attn: **BRENDAN R. McGUIRE**, Esq.
            Assistant United States Attorney

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :
                                 :
        - v. -                   :    05 Cr. 1280 (KMK)
                                 :
                                 :    AFFIRMATION
                                 :
VITO FORESTIER,                  :
                                 :
        Defendant.               :
                                 :
- - - - - - - - - - - - - - - - x
```

  I am the defendant in this case and make this affirmation under the penalty of perjury pursuant to 28 U.S.C. §1746 in support of my motion to suppress physical evidence seized from me and the car I had been driving, by the police November 6, 2005, as well as post-arrest statements made by me on the ground that, based on the facts set forth below, I am informed by my lawyer that my arrest was illegal so that all the physical evidence should be suppressed as well as my post-arrest statements which were "fruits" of my illegal arrest.

  1. In the evening of November 6, 2005, my companion, Yvonne Lavayen, our five-year-old daughter and I were in Yvonne's car which I had been driving when I pulled over to the curb and a police car came by and an officer came over to the driver's window. I lowered my window halfway and the police commented that my windows were tinted dark and asked for my license and registration. I got the registration from behind the visor over the steering wheel and my driver's license from my wallet.

  3. After I handed my papers to the police, one officer said

to another that I was acting funny. I was ordered to step out of the car which I did and the police searched me and then searched my car.

4. I have read the complaint in this case which claims (at paragraph 2 d) that "while the driver was giving him his license, Officer 1 noticed through the open window an unwrapped glassine containing a white powdery substance on the driver's door console." This claim is not true. There was absolutely no such item in the door console nor anywhere visible in my car. In fact it is not until later, at the police station, where I had been taken after the police found a firearm inside a closed bag in my car and had arrested me, that the police found drugs concealed inside my buttocks, under my underwear.

5. Ms. Lavayen was also arrested and not released until many hours later, after the police told me that she would be let go only if I wrote a statement that the firearm and the drugs were mine, *and that our child would be given to BCW. V.F* Since our child was going to be without either one of her parents unless her mother was released by the police, I wrote and signed the statement required by the police and Ms. Levayen was eventually released.

6. My lawyer has informed me that the facts I declare here justify the suppression of the physical evidence taken from my car and my person and the statement I made, for legal reasons that my he will argue to the Court.

                                        Affirmed

                                        *Vito Forestier*
                                        Vito Forestier,

March 20, 2006.

-2-