

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

# MEMO ENDORSED

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 12, 2006

**By Hand**

The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street - Room 920
New York, NY 10007

      Re:   *United States v. Vito Forestier*
             05 Cr. 1280 (KMK)

Dear Judge Karas:

      The Government submits this letter to address an issue raised by the Court at the June 6, 2006 suppression hearing, and to propose a post-hearing briefing schedule.

      At the conclusion of the defendant's testimony, the Court questioned whether the Government had established that the defendant had been properly advised of his *Miranda* rights prior to making certain oral statements at the station house, which preceded his being advised of his *Miranda* rights in connection with his written statement. (Transcript ("Tr.") 169-170). After the defense rested, the Government indicated that it believed that Officer White's testimony had established that the defendant had been advised of his *Miranda* rights prior to making the oral statements but requested the opportunity to recall Officer White to clarify his testimony. (Tr. 219). In response, the Court noted that its recollection was that Officer White had testified that he was not present when the defendant was initially *Mirandized*, and thus questioned "how Officer White is in a position to offer competent testimony about any prior Miranda warnings." (Tr. 219-220).

      The portion of Officer White's testimony quoted below reveals that he testified that he was present at the beginning of the defendant's initial interview but not for the subsequent debriefing:

            Q. And the time is the time when you are about to begin giving the Miranda warnings, right?

            A. The written Miranda warnings, yes.

> Q. Well, were oral Miranda warnings given before you read this written form?
>
> A. Yes.
>
> Q. When was that?
>
> A. That was when he was initially debriefed earlier in the morning.
>
> Q. Debriefed?
>
> A. Spoken to earlier in the morning. Debrief is just a term when a defendant is spoken to.
>
> Q. At that time, when he was earlier Mirandized, and debriefed, as you put it, did he make any incriminating statements like, the drugs are mine, the guns are mine, in that order?
>
> A. Again, I was not there at the initial debriefing. I was there at the beginning. I brought him up and we were doing arrest processing.

(Tr. 67). While Officer White did not specifically testify that he was present when the defendant was first *Mirandized*, he did state that he was present at the beginning of the initial interview and has informed the Government that he was present when the defendant was first *Mirandized*. Accordingly, to ensure that Officer White's testimony in this regard is clear and complete, the Government requests the opportunity to recall him so that he may be examined and cross-examined on this specific issue.

In addition, after consulting with Roland Thau, Esq., counsel for the defendant, the parties propose that the defendant be provided 2 weeks from the date of Officer White's supplemental testimony to file its submission, with the Government afforded 2 weeks to respond and the defendant afforded 1 week to reply if necessary.

*Officer White may testify on July 5, 2006 at 3pm. The briefing schedule is approved.*

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By: /s/ BLM'G
Brendan R. McGuire
Assistant United States Attorney
212.637.2220

cc: Roland Thau, Esq.

SO ORDERED
/s/ KENNETH M. KARAS, U.S.D.J.
6/13/06

-2-