UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

-v-

VITO FORESTIER,

                 Defendants.

Case No. 05-CR-1280 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

    The Court has conducted two days of hearings in connection with Defendant's Motion to Suppress the fruits of a search of a car he was driving and statements he allegedly made following his arrest, all on November 6, 2005. Thus far, the only witness on behalf of the Government has been Police Officer White, who has testified both to the circumstances leading up to the search of the car, Defendant's arrest, and the advice of *Miranda* warnings to Defendant. The Government has indicated its intention to call additional witnesses when the hearing resumes on August 23, 2006.

    In a letter dated June 16, 2006 (ten days after the first hearing date), counsel for Defendant requested the Government to "investigate and disclose any and all evidence that prior to the police engaging [Defendant] on Valentine Avenue, it had information or suspicion that he had or may have come into possession of controlled substances or other contraband." (Letter from Roland Thau, Esq. to Brendan R. McGuire, Esq., June 16, 2006) In response, the Government asserted that "Officer White's testimony belies your contention that the arresting officers intended to search the defendant's car before they approached it," noting that Officer White had testified that "the officers pulled up next to the defendant's car because the defendant had been driving erratically and then came to a stop in front of a fire hydrant." (Letter of

Brendan R. McGuire, Esq. to Roland Thau, Esq., June 26, 2006) The Government further noted that it "should not be required to disclose whether the NYPD in general may have had any information about the defendant prior to his arrest. Any such information is irrelevant to the suppression hearing because, as Officer White testified, it did not serve as the basis for the initial approach of the defendant or his subsequent arrest." (Letter of Brendan R. McGuire, Esq. to Roland Thau, Esq., June 26, 2006)

After counsel for Defendant responded to the Government's June 26 letter, the Government submitted an additional letter once again claiming that it was not required to disclose any information that the NYPD had "in general" about "the defendant prior to his arrest because such information did not serve as the basis for the initial approach of the defendant or his subsequent arrest." (Letter from Brendan R. McGuire, Esq. to the Court, June 29, 2006) Nonetheless, "in light of the defendant's request, and to ensure that the Court has a complete understanding of the circumstances leading up to the defendant's arrest," the Government informed counsel for Defendant and the Court that:

> [P]rior to the defendant's arrest, the NYPD had some general information about an individual believed to be buying drugs in the Bronx on the day of the defendant's arrest. The NYPD understood that the individual was driving a dark colored car, that he may have been carrying a gun, and that his first name was "Vito."

(Letter from Brendan R. McGuire, Esq. to the Court, June 29, 2006) The Government proffered that Officer White had informed the Government that "this information was never shared with him directly prior to the defendant's arrest, though he recalls overhearing a discussion about a dark colored car." (Letter from Brendan R. McGuire, Esq. to the Court, June 29, 2006) The Government further proffered that Sergeant Kivlehan, the driver of the police car that followed

and approached Defendant's car, "has advised the Government that he was aware of this general information prior to approaching the defendant's car," but that "this information did not serve as the basis for either the initial approach or the subsequent arrest of the defendant." (Letter from Brendan R. McGuire, Esq. to the Court, June 29, 2006) Instead, the Sergeant apparently told the Government that the "approach" was based upon the "the defendant's erratic driving and stopping in front of a fire hydrant," and that the arrest was based upon the open deck of heroin first observed by Officer White.

On July 5, the second day of the hearing, counsel for Defendant objected, both in writing and at the hearing, to the Government's limited disclosure, and requested that all information relating to the NYPD's "approach" to the defendant be provided to him, including "the names and commands of all [NYPD] officers who first obtained the 'Vito information' and with all the persons who were later told of it as well as documentation reflecting such knowledge and all the steps taken following the police receipt of this intelligence." (Letter from Roland Thau, Esq. to the Court, July 5, 2006) Counsel also requested the identities of all police officers who responded to the scene of Defendant's arrest. (Letter from Roland Thau, Esq. to the Court, July 5, 2006) Ultimately, the Parties agreed that the Government would submit in detail the information the relevant NYPD officers had about Defendant before he was arrested on November 6, 2005 to the Court *ex parte* for *in camera* review.

On July 10, 2006, the Government submitted *ex parte* a letter outlining, in more detail, the information available to the relevant NYPD officers in this case, and the extent to which there were any documents or reports reflecting this information. The Government requested that the letter be filed under seal, which the Court has done.

3

While the Court appreciates the sensitivity of the information discussed in the Government's July 10 letter, the Court also finds that the details provided therein about what the arresting NYPD officers knew about the Defendant prior to his arrest is highly relevant to the Defendant's suppression motion. While the Government claims that the information known to the officers was not the basis for the "approach" to Defendant's car, Defendant is entitled to challenge that claim, something he cannot fairly do if denied this information. The Court bases this finding on the testimony it has heard thus far during the hearing, and a basic understanding of Defendant's theory as to what happened on November 6, 2005.

Of course, the Court recognizes, as did counsel for Defendant, that the Government has a legitimate concern about the source or sources of the information known to the arresting NYPD officers, but, at this stage, that information need not be disclosed. Nor is the Government required to provide the attachment to the July 10 letter to counsel for Defendant, as that attachment is at best tangentially relevant. However, the Court does not believe that there is any way to otherwise redact the information described in the July 10 letter, and still provide Defendant with a fair opportunity to support his Motion.

Accordingly, the Government is to provide the detailed substance of the information (but not the source(s) of that information) in a letter to counsel for Defendant, which is to be provided in the first instance to the Court by no later than August 9, 2006. The Court will review this letter to determine if it sufficiently advises Defendant of the information known to the arresting officers about the Defendant before his arrest. If the letter provides sufficient information, the Court will order it be produced to Defendant; if not, the Court will provide further instructions to the Government to ensure that Defendant is provided with the information to which he is

4

entitled. In addition to the information contained in the July 10 letter, the Government is to provide the identities of the police officers who responded to the scene of Defendant's arrest in its August 9 letter.

If the Government believes that it cannot provide this information without compromising any compelling law enforcement interests, it may submit a letter by August 4, 2006 to suggest any means to protect those interests without compromising Defendant's rights. This letter may initially be submitted *ex parte*, but upon review the Court may require, on notice to the Government, that all or part of the letter be provided to counsel for Defendant.

SO ORDERED.

Dated:   July 21, 2006
         New York, New York

                                          KENNETH M. KARAS
                                          UNITED STATES DISTRICT JUDGE