```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X

UNITED STATES OF AMERICA        :

       - v -                    :

VITO FORESTIER,                 :        05 CR. 1280 (KMK)

              Defendant.        :

-------------------------------X
```

**DEFENDANT VITO FORESTIER'S PROPOSED PRELIMINARY JURY
INSTRUCTIONS AND VOIRE DIRE QUESTIONS**


                                    LEONARD F. JOY
                                    Federal Defender of New York
                                    Attorney for Defendant
                                        **Vito Forestier**
                                    52 Duane Street - 10th Floor
                                    New York, New York  10007
                                    Tel.:  (212) 417-8733


**ROLAND THAU**
    Of Counsel


TO:  Michael J. Garcia, ESQ.
     United States Attorney
     Southern District of New York
     One St. Andrew's Plaza
     New York, New York  10007
     Attn: **BRENDAN R.McGUIRE, ESQ.**
          Assistant United States Attorney

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA          :
       - v -                      :
VITO FORESTIER,                   :      05 CR. 1280 (KMK)
              Defendant.          :
----------------------------------X
```

**DEFENDANT VITO FORESTIER'S PROPOSED PRELIMINARY JURY INSTRUCTIONS AND VOIRE DIRE QUESTIONS**

Defendant Vito Forestier respectfully requests that in addition to its customary questions to the prospective jurors, the Court address the following areas in its prefatory instructions and voire dire questions.

Relying on our acquaintance with the usual prefatory and jury voire dire practices, Mr. Forestier does not submit many of the standard and customary instructions to and questions of the prospective jurors but requests that they be given and posed.

Because of our probable defenses, we are concerned that the jurors may turn deaf ears to our arguments in support of those defenses because they are likely to view those as based solely on **"mere legal technicalities"**[1], we focus on some specific issues which we deem somewhat unique and important in this case.

---

[1] Mr. Forestier may either concede or not seriously dispute that, when arrested, he was in possession of heroin and a firearm. He may argue that his heroin possession does not support Count I, a violation of 21 USC 812, 841(a)(1) and 841(b)(1)(C), as the drugs were for his personal use rather than for distribution and, thus is not a trafficking offense triggering Count II, 18 USC 924(c)(1)(A)(I) - possession of a firearm in furtherance of a drug trafficking offense. Furthermore, an alternative defense to Count II will be that, even if the jury found that the drugs were intended to be distributed, the firearm was not possessed in furtherance of an intent to distribute the narcotics.

Thus, there is one defense to Count I and two different, alternative defenses to Count II.

## SPECIFIC INSTRUCTIONS CRUCIAL TO PARTICULAR DEFENSES

I will give you some preliminary instructions on the law now in order to find out from you when I question you individually, whether any of you would have any difficulty or reluctance to follow the law as I will give it to you now and will give you more fully before you retire to liberate. I do so now because of a concern that a member of the jury might dislike and be inclined to reject perfectly appropriate arguments by any lawyer in this case on the ground that those arguments urge you to return repellent and unworthy verdicts based on "mere legal technicalities".

There is no such thing in the administration of justice as a "mere legal technicality" unworthy of your serious consideration. The law is as I will outline it now and will give you more fully when you have heard all the evidence and the arguments of counsel before you start your deliberations.

Mr. Forestier is charged in Count I of the indictment with possessing heroin with intent to distribute it and in Count II with possession of a firearm during and in furtherance of a drug trafficking offense. You are instructed that the mere possession of heroin is not a trafficking offense unless that substance is possessed with the intention of distributing it. As

-2-

a result, the government will not have met its burden of proof on Count I unless it satisfies you beyond a reasonable doubt that Mr. Forestier possessed heroin <u>and</u> that he intended to distribute it.  Thus, it would be your duty to acquit Mr. Forestier of Count I even if you were satisfied that he possessed heroin but you were not convinced beyond a reasonable doubt that he intended to distribute it.  This legal requirement might rub some of you the wrong way but it is the law and is necessary that each of you tell us frankly whether or not you would follow this instruction or have any difficulty or reluctance to do so.

With respect to Count II, the weapon's charge, it will be your duty to acquit Mr. Forestier in either one of two events: (1) if the government fails to prove beyond a reasonable doubt either one of the elements which it must prove to establish guilt on Count I, as I have just discussed, <u>or</u>, (2) if you have a reasonable doubt that the weapon was possessed in furtherance of a drug trafficking offense as I will define that term more fully in my final instructions to you before you start your deliberations.

In other words, each element constituting each offense must be proven beyond reasonable doubt by the government.

What I have just told you means that although the evidence may satisfy you beyond reasonable doubt that on November 6, 2005, Mr. Forestier possessed heroin and also possessed a

-3-

firearm, it would be your duty to find him not guilty of both charges unless the evidence satisfied you beyond a reasonable doubt that he intended to distribute the heroin you had found him to have possessed and, in addition, you found beyond a reasonable doubt that the weapon possession was in furtherance of his possession of drugs with intent to distribute it.

Once again, with respect to Count II, it might it be difficult or impossible for you to acquit a defendant about whom it had been proven to you that he possessed heroin and a firearm, even if you were not convinced beyond a reasonable doubt that he intended to distribute it or that the firearm was "in furtherance" of a "trafficking" offense. However, it would be your duty to do so if you were chosen as jurors and to tell us today whether, in such circumstances, you would be able to follow the law or have difficulty or reluctance to do so.

I instruct you once again that there is no such thing as a " mere legal technicality" in the administration of justice  and that the law must be obeyed by jurors notwithstanding their own personal view of whether the law is wise or reasonable. Were it otherwise, each juror could disregard any instruction on the law based on that particular juror's view of whether he or she favored or disfavored any particular legal principle, and verdicts would be based on the personal whims of the jurors.

Each of you realizes, of course, that returning a verdict

-4-

of "not guilty" in the theoretical circumstance I have just outlined may be counterintuitive and upsetting and might suggest that the law permits a person to avoid the consequences of his criminal conduct based on a "mere legal technicality". It may well be if Mr. Forestier possessed heroin not intending to distribute it and possessed a firearm at the same time but not in furtherance of a trafficking offense as I will define it later, he is guilty of one or more crimes but not the crimes alleged this indictment, and this jury is to decide whether each charge has been proven beyond a reasonable doubt and not return verdicts which might be appropriate under different laws and perhaps in other courts for drug and firearm possession.

That is the possible concern of law-enforcement authorities, not yours.

### QUESTIONS FOR THE JURORS AS A GROUP

1. Have you ever worked in any capacity for any city, state, or federal law enforcement agency, including the police department, the F.B.I., the I.R.S., the D.E.A., the Customs Service, the A.T.F., the U.S. Marshals, the District Attorney, the United States Attorney, the Bureau of Prisons, or any other such agency?

2. Do you have any relationship or close friendship with any city, state, or federal law enforcement employee, including anyone who works with the police department, the F.B.I., the I.R.S., the D.E.A., the Customs Service, the A.T.F., the U.S.

Marshals, the District Attorney, the United States Attorney, the Bureau of Prisons, or any other such agency? If so, please elaborate.

Have you ever served in the military? If your answer is yes, please explain which branch, how long you served and in what capacity.

4. Mr. Forestier is represented by Roland Thau, a staff attorney with the Federal Defender, formerly a division of the Legal Aid Society. Does any one know him or anyone associated or formerly associated with these two law firms? If so, please give details.

5. Law enforcement officials will testify in this case. The law is that such witnesses are not to be treated any differently than any other witnesses and that the weight and credibility to be given to their testimony is exactly the same as that given to lay witnesses.

When each of you is questioned individually, please tell me if you will be able to assess the weight and credibility of a law enforcement witness just as you would anyone else's testimony or whether you would be inclined to credit such testimony more or less than the testimony of any other, non-law-enforcement witness.

6. Those of you who will be chosen as jurors will be the sole and exclusive judges of the facts. I am the sole and exclusive judge of the law and I will, after all the evidence has been

-6-

heard and seen, instruct you more fully on the law which under you oath to do so, you are duty bound to apply as I give it to you to the facts as you find them.

If you have any doubt that you could follow any of my legal instructions, the right thing to do is to tell me about it.

**QUESTIONS FOR INDIVIDUAL JURORS**

1. What newspapers, magazines or other periodicals do you subscribe to or read regularly?

2. Do you belong to any associations, organizations or civic clubs? If yes, which ones?

3. Would you describe your in the is a is in a your self politically as: Very Conservative, Conservative, Moderate, Liberal or Very Liberal?

4. Do you remember the questions I asked the entire panel? How would you answer any of those questions? Can you assure us that your answers are truthful and reflect your sincere belief about your willingness and ability to follow my legal instructions even though you might feel that, in certain respects, the law which may protect Mr. Forestier is unwise and nothing more then an unfortunate and mere " legal technicality"?

Dated: New York, New York
       January 24, 2007

-7-

```
                                    LEONARD F. JOY
                                    Federal Defender


                              BY:   _____
                                    ROLAND THAU
                                    Attorney for Defendant
                                    52 Duane Street - 10th Floor
                                    New York, New York  10007
                                    Tel. (212) 417-8733


TO:   MICHAEL J. GARCIA, ESQ.
      United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York  10007
      Attn: BRENDAN R. McGUIRE, ESQ.
            Assistant United States Attorney
```