```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :
                                 :
          - v. -                 :
                                 :
VITO FORESTIER,                  :      05 Cr. 1280 (KMK)
                                 :
                                 :
          Defendant.             :
                                 :
                                 :
- - - - - - - - - - - - - - - - x
```

## GOVERNMENT'S PROPOSED
## EXAMINATION OF PROSPECTIVE JURORS

                                        MICHAEL J. GARCIA
                                        United States Attorney for the
                                        Southern District of New York

                                        Attorney for the United States
                                        of America

BRENDAN R. MCGUIRE
MICHAEL Q. ENGLISH
Assistant United States Attorneys
Southern District of New York

    - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :
                                 :
          - v. -                 :
                                 :
VITO FORESTIER,                  :      05 Cr. 1280 (KMK)
                                 :
                                 :
          Defendant.             :
                                 :
                                 :
- - - - - - - - - - - - - - - - x
```

**GOVERNMENT'S PROPOSED
EXAMINATION OF PROSPECTIVE JURORS**

       The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors.  The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendant.

    **A.**    **The Charges**

       1.    This is a criminal case.  The defendant, VITO FORESTIER, has been charged in an Indictment filed by a grand jury sitting in this District with violating federal narcotics and firearms laws.

2. The Indictment contains the charges that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt. I would like to summarize the charges in this case in order to determine whether there is anything about the nature of this case which may make it difficult or inappropriate for any of you to serve on the jury.

3. The Indictment contains two counts. Count One charges the defendant with possessing heroin, with intent to distribute it, on or about November 6, 2005. Count Two charges the defendant with using, carrying, and possessing a firearm during and in relation to the drug trafficking crime charged in Count One on that date.

4. Do any of you believe you have personal knowledge of the charges contained in the Indictment as I have described it?

B. **Knowledge of the Trial Participants**

5. The defendant in this case is VITO FORESTIER. [*Please ask the defendant to rise*.] Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, or with any relative, friend or associate of the defendant?

6. To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

7. VITO FORESTIER is represented by Roland Thau, Esq. of the Federal Defenders of New York. Do any of you know Mr.

Thau, or anyone he works with?  Have any of you or your family members or close friends had dealings, either directly or indirectly, with Mr. Thau?  Have any of you or your family members or close friends had dealings with the Federal Defenders of New York?

       8.   The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Michael Garcia.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Brendan McGuire and Michael English.  They will be assisted by Sheila Nickens-Thomas of the United States Attorney's Office.  Do any of you know Mr. Garcia, Mr. McGuire, Mr. English, or Ms. Nickens-Thomas?  Have you or your family members or close friends had any dealings either directly or indirectly with any of them?

       9.   I will now read a list of names of other individuals who might be mentioned during the trial, or who might be witnesses in this case: *[Government will supply list of names before trial.]*  Do any of you know any of these people?  Have you had any dealings either directly or indirectly with any of these individuals?

    C.   **Relevant Location**

      10.  Certain conduct at issue in this case took place in the vicinity of East 180th Street and Valentine Avenue, in the

3

Bronx, New York. Are any of you familiar with this general area of the Bronx? Why? How? What do you know about the area? Do you think that your familiarity with the area will affect your ability to render a fair verdict?

    D.    **Relationship with Government**

    11.  Do any of you know, or have any association – professional, business, or social, direct or indirect – with any member of the staff of the United States Attorney's Office for the Southern District of New York, the New York City Police Department or the Drug Enforcement Administration? Is any member of your family employed by any law enforcement agency, whether federal, state, or local?

    12.  Have any of you, either through any experience you have had or anything you have seen or read, developed any bias, prejudice or other feelings for or against the United States Attorney's Office, the New York City Police Department, the Drug Enforcement Administration or any other law enforcement agency?

    13.  Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the Internal Revenue Service, or with any New York State or local law enforcement agency? Have any of

you had any legal, financial or other interest in any such legal action or dispute, or its outcome?

  E. **<u>Prior Jury Service</u>**

  14. Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county or city court? If so, when and where did you serve?

  15. Have you ever served as a juror in any court? If so, when, and in what court did you serve, and was it a civil or criminal case? What was the nature of the case? Without saying what it was, did the jury reach a verdict?

  F. **<u>Experience as a Witness, Defendant, or Crime Victim</u>**

  16. Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency? Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

  17. Have you ever been a witness or a complainant in any federal or state prosecution?

  18. Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

19. Have you, or has any member of your family, any associate or close friend, ever been charged with a crime?

20. Have you, or have any of your relatives, associates, or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by any congressional committee?

21. Have you, or any of your close friends or relatives, ever been a victim of a crime?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each crime.*]

22. Have you, or any of your close friends or relatives, ever been stopped or questioned by a member of the New York City Police Department, the Drug Enforcement Administration or other law enforcement officer?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each incident and that prospective juror's reaction to how he or she was treated by the New York City Police Department, the Drug Enforcement Administration, or other law enforcement agency.*]

G. **<u>Ability to Render a Fair and Impartial Verdict</u>**

G. **<u>Ability to Render a Fair and Impartial Verdict</u>**

23. As you can tell, during the trial, you will hear evidence concerning a firearm. Does the fact that the charges involve a firearm affect your ability to render a fair verdict?

24. Do any of you have any opinion about the enforcement of the federal firearm or gun control laws which might prevent you from being fair and impartial in this case?

25. Do any of you or does any member of your family now own, or have any of you ever owned, a firearm? If so, for what reason?

26. Have any of you or has any member of your family ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to firearms or gun control? If so, when and what did you do?

27. Has any juror been involved in an offense involving a firearm?

28. Has any juror's relative, close friend, or associate ever been involved in an offense involving a firearm?

29. You will also hear evidence concerning narcotics. Has any juror been involved in an offense involving narcotics? Has any juror's relative, close friend or associate been involved in an offense involving narcotics? Has any juror, or any member of the juror's family, or any juror's close friend, had any experiences of any kind, directly or indirectly, with illegal narcotics?

30. Do any of you have an opinion about the authority or right of the Government to enforce the laws prohibiting the distribution of narcotics, the possession of narcotics with intent to distribute, or conspiracy to do the same, that would affect your ability to be fair and impartial in this type of case?

31. Do any of you feel, for any reason, that you could not view fairly and impartially a case involving federal narcotics charges?

**H.     Law Enforcement Witnesses**

32. The witnesses in this case will include law enforcement officers from the New York City Police Department and the Drug Enforcement Administration. Would any of you be more likely to believe a witness merely because he or she is a member of the New York City Police Department or the Drug Enforcement Administration? Would any of you be less likely to believe a witness merely because he or she is a member of the New York City Police Department or the Drug Enforcement Administration?

33. Does anyone have any expectations about the types of evidence that the Government might present in all criminal trials? Would any of you be unable to follow the judge's instructions that the Government is not required to use any particular technique when investigating and presenting evidence of a crime?

**I.   Other Questions**

34.  Do any of you have problems with your hearing or vision which would prevent you from giving full attention to all of the evidence at this trial?

35.  Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

36.  Do any of you have any difficulty in reading or understanding English in any way?

37.  Do any of you have any religious, philosophical or other personal beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

**J.   Function of the Court and Jury**

38.  The function of the jury is to decide questions of fact.  You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder.  When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions.  You may not substitute your own notions of what the law is, or what you think it should be.  At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the Indictment.  Does any juror have any bias or prejudice that might

prevent or hinder him or her from accepting the instructions of law that I will give you in this case?

39. Do any of you have any legal training, or have any relative or close friend who is an attorney? If so, would this prevent you from applying the law in this case as stated by the Court? Will each of you accept my instruction that you are not to discuss this case with anyone, including attorneys you may know, until you are excused as jurors?

40. Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into your deliberations as to whether the defendant is guilty or not guilty?

41. Will each of you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as to guilt or innocence of the defendant, and that only the evidence produced here in Court may be used by you to determine the guilt of the defendant?

42. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Nevertheless, if you find that the Government has proven each element of the charged offenses beyond a reasonable doubt, you must find the defendant guilty. Is there any juror who feels that he or she would be unable to sit in judgment of the defendant or feels philosophically or for any other reason that he or she might not

be able to render a fair and impartial verdict based solely on the evidence and the instructions of law that I will give you in this case? Is there any juror who feels that even if the evidence established the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

**K.   Other Biases**

43.   In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly and impartially in this case, and to render a true and just verdict without fear, favor, sympathy or prejudice, and according to the law as it will be explained to you?

**L.   Juror's Background**

44.   The Government respectfully requests that the Court ask each juror to state the following information and that the Court ask any appropriate follow-up questions:

    a.   the juror's age;

    b.   where the juror was born;

    c.   the area in which the juror resides and any other area the juror has resided during the last ten years;

        d.    the juror's educational background, including the highest degree obtained;

        e.    whether the juror has served in the military;

        f.    the juror's occupation;

        g.    the name and location of the juror's employer, and the period of employment with that employer;

        h.    the same information concerning other employment within the last five years;

        i.    the same information with respect to any adult members of the juror's household;

        j.    what newspapers and magazines the juror reads and how often;

        k.    what television programs the juror regularly watches and whether the juror regularly watches television crime programs such as "Law & Order" and "CSI";

        l.    the juror's hobbies and leisure-time activities;

        m.    whether the juror -- or any of the juror's family or friends -- has had any experience involving the New York City Police Department or other law enforcement agency.

        n.    whether the juror owns or has ever owned a firearm and whether anyone in the juror's immediate family owns or has ever owned a firearm.

**M.**    <u>**Requested Instruction Following Impaneling of the Jury**</u>

        45.    From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case.  The rule about not discussing the case

with others includes discussions even with members of your own family, and your friends.

      48.  If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk.  In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will, and should, ignore you.  Please do not take offense.  They will be acting properly by doing so.

Dated:    New York, New York
           January 24, 2007

                            Respectfully submitted,

                            MICHAEL J. GARCIA
                            United States Attorney for the
                            Southern District of New York


                   By:  <u>/s/ Brendan R. McGuire</u>
                          BRENDAN R. MCGUIRE
                          MICHAEL Q. ENGLISH
                          Assistant United States Attorneys
                          Telephone:  (212) 637-2220/2594

**AFFIRMATION OF SERVICE**

BRENDAN R. MCGUIRE, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York.

That on January 24, 2007, I caused one copy of the within Government's Proposed Examination of Prospective Jurors to be delivered by hand and ECF to:

> Roland Thau, Esq.
> Federal Defenders of New York, Inc.
> 52 Duane Street - 10th Floor
> New York, New York 10007

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:   New York, New York
         January 24, 2007

                                    /s/ Brendan R. McGuire
                                    BRENDAN R. MCGUIRE

15