```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :
                                 :
          - v. -                 :
                                 :
VITO FORESTIER,                  :        05 Cr. 1280 (KMK)
                                 :
                                 :
          Defendant.             :
                                 :
                                 :
- - - - - - - - - - - - - - - - x
```

## GOVERNMENT'S REQUESTS TO CHARGE

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

Attorney for the United States
of America

BRENDAN R. MCGUIRE
MICHAEL Q. ENGLISH
Assistant United States Attorneys

          - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :
                                 :
            - v. -               :
                                 :
VITO FORESTIER,                  :          05 Cr. 1280 (KMK)
                                 :
                                 :
            Defendant.           :
                                 :
                                 :
- - - - - - - - - - - - - - - - x
```

## GOVERNMENT'S REQUESTS TO CHARGE

       Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the Jury.

TABLE OF CONTENTS

                                                                    PAGE

REQUEST NO. 1  General Requests . . . . . . . . . . . . . .    1

REQUEST NO. 2  The Indictment . . . . . . . . . . . . . .    2

REQUEST NO. 3  Summary of the Indictment  . . . . . . . . .    3

REQUEST NO. 4  Multiple Counts  . . . . . . . . . . . . . .    4

REQUEST NO. 5  Count One:  Possession With Intent
               to Distribute a Controlled Substance –
               General Instruction (21 U.S.C. § 841) . . . .    5

REQUEST NO. 6  Count One:  Possession With Intent
               to Distribute a Controlled Substance –
               Elements of the Offense . . . . . . . . . . .    6

REQUEST NO. 7  Count One:  Possession With Intent
               to Distribute a Controlled Substance –
               First Element, Possession  . . . . . . . . . .    7

REQUEST NO. 8  Count One:  Possession With Intent
               to Distribute a Controlled Substance –
               Second Element, Unlawfully, Intentionally,
               and Knowingly . . . . . . . . . . . . . . . .   10

REQUEST NO. 9  Count One:  Possession With Intent
               to Distribute a Controlled Substance –
               Third Element, Controlled Substance . . . . .   12

REQUEST NO. 10 Count Two:  Possession of a Firearm
               in Furtherance of a Drug Trafficking Crime –
               General Instruction(18 U.S.C. § 924(c)) . . .   13

REQUEST NO. 11 Count Two:  Possession of a Firearm
               in Furtherance of a Drug Trafficking Crime –
               Elements of the Offense . . . . . . . . . . .   15

REQUEST NO. 12 Count Two:  Possession of a Firearm
               in Furtherance of a Drug Trafficking Crime –
               First Element, Carrying or Possessing . . . .   16

REQUEST NO. 13 Count Two:  Possession of a Firearm
               in Furtherance of a Drug Trafficking Crime –
               Second Element, During and In Relation to
               A Certain Crime, or In Furtherance of A

                     Certain Crime  . . . . . . . . . . . . . . .     19

REQUEST NO. 14 Count Three:  Possession of a Firearm
                  in Furtherance of a Drug Trafficking Crime –
                  Third Element, Knowledge . . . . . . . . . .     20

REQUEST NO. 15 Venue  . . . . . . . . . . . . . . . . . .     21

REQUEST NO. 16 The Defendant's Testimony
                  [Requested Only If The Defendant Testifies]  .     22

REQUEST NO. 17 Defendant's Right Not to Testify
                  [If Requested By The Defendant] . . . . . . .     23

REQUEST NO. 18 Law Enforcement Witnesses  . . . . . . . . .     24

REQUEST NO. 19 Use of Evidence Obtained Pursuant to Search  .     25

REQUEST NO. 20 Particular Investigative Techniques
                  Not Required [If Applicable] . . . . . . . .     26

REQUEST NO. 21 Limiting Instruction – Similar Act Evidence [If
                  Applicable] . . . . . . . . . . . . . . . . .     27

REQUEST NO. 22 Preparation of Witnesses [If Applicable] . . .     29

REQUEST NO. 23 Uncalled Witness: Equally Available
                  to Both Sides  . . . . . . . . . . . . . . .     30

REQUEST NO. 24 Persons Not on Trial . . . . . . . . . . . .     32

REQUEST NO. 25 Expert Testimony [If Applicable] . . . . . . .     33

REQUEST NO. 26 Character Testimony [If Applicable] . . . . .     35

REQUEST NO. 27 Stipulations [If Applicable] . . . . . . . .     36

REQUEST NO. 28 Variance in Dates  . . . . . . . . . . . . .     37

REQUEST NO. 29 Conclusion . . . . . . . . . . . . . . . . .     38

**REQUEST NO. 1**

**General Requests**

The Government respectfully requests that the Court provide its usual instructions with respect to the following matters:

a.   Function of Court and Jury

b.   All Parties as Equals Before the Court

c.   What Is and Is Not Evidence

d.   Rulings on Evidence and Objections

e.   Burden of Proof and Presumption of Innocence

f.   Reasonable Doubt

g.   Government Treated Like Any Other Party

h.   Definitions and Examples of Direct and Circumstantial Evidence

i.   Inferences

j.   Credibility of Witnesses

k.   Interest in Outcome

l.   Right to See Exhibits and Have Testimony Read During Deliberations

m.   Sympathy:  Oath as Jurors

n.   Punishment Is Not to Be Considered by the Jury

o.   Consider Each Count Separately

p.   Verdict of Guilt or Innocence Must be Unanimous

1

**REQUEST NO. 2**

**The Indictment**

The defendant is formally charged in an Indictment.  The Indictment is a charge or accusation.  It is not evidence.  I will first summarize the two counts in the Indictment, and then I will explain in detail the elements of each of those offenses.

2

**REQUEST NO. 3**

**Summary of the Indictment**

Count One of the Indictment charges that, on or about November 6, 2005, the defendant knowingly possessed, with the intent to distribute, a mixture and substance containing a detectable amount of a controlled substance, heroin.

Count Two of the Indictment charges that, on or about November 6, 2005, the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, unlawfully, willfully, and knowingly, did use and carry, and in furtherance of such crime, did possess a firearm. Specifically, it charges that the defendant possessed a loaded 9mm Smith and Wesson semi-automatic handgun in furtherance of his possession and distribution of heroin as charged in Count Two.

3

**REQUEST NO. 4**

**Multiple Counts**

As I just indicated, the Indictment contains two counts. Each count constitutes a separate offense or crime. You must consider each count of the Indictment separately, and you must return a separate verdict on each count in which the defendant is charged.

Adapted from Sand, <u>et</u> <u>al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 3-8 (1999); <u>see</u> <u>United States</u> v. <u>Sanzo</u>, 673 F.2d 64 (2d Cir. 1982).

REQUEST NO. 5

**Count One:  Possession With Intent to Distribute a Controlled
Substance – General Instruction (21 U.S.C. § 841)**

Count One of the Indictment charges the defendant with
the crime of possessing with the intent to distribute a controlled
substance, in violation of Title 21, United States Code, Section
841.  Count One reads as follows:

> On or about November 6, 2005, in the Southern
> District of New York, VITO FORESTIER, the
> defendant, unlawfully, knowingly, and
> intentionally did distribute and possess with
> intent to distribute a controlled substance, to
> wit, a substance containing a detectable amount
> of heroin.

I will now instruct you about the elements of this
offense.

REQUEST NO. 6

**Count One:    Possession With Intent to Distribute a Controlled
Substance – Elements of the Offense**

To sustain its burden of proof on the charge of
possession with intent to distribute a controlled substance, the
Government must prove each of the following elements beyond a
reasonable doubt:

First, that on or about November 6, 2005, the defendant
possessed a controlled substance with the intent to distribute it;

Second, that he did so unlawfully, intentionally and
knowingly; and

Third, that the substance involved was in fact a
controlled substance.

> Adapted from the charge of the Honorable
> Leonard B. Sand in United States v. Rios, 91
> Cr. 914 (LBS) (S.D.N.Y. 1992).

> See, e.g., United States v. Olivier-Becerril,
> 861 F.2d 424, 426 (5th Cir. 1988) (setting
> forth elements); and United States v. James,
> 555 F.2d 992, 999 (D.C. Cir. 1977) (same).

6

REQUEST NO. 7

**Count One:  Possession With Intent to Distribute a Controlled Substance – First Element, Possession**

The first element that the Government must prove beyond a reasonable doubt is "possession with intent to distribute" a controlled substance.  I will now define for you the terms "distribution" and "possession with intent to distribute."

<u>"Distribution"</u>

The word "distribution" means the actual, constructive, or attempted transfer of a controlled substance.  "Distribution" includes delivering, passing or handing over something to another person, or causing something to be delivered, passed on, or handed over to another person.  Distribution does not require a sale. Activities in furtherance of the ultimate sale, such as negotiating for the price, or supplying or delivering the drugs, may constitute distribution.

<u>"Possession With Intent to Distribute"</u>

What does "possession with intent to distribute" mean?

<u>"Possession"</u>

"Possession" means having custody or control over an object.  The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail. Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen.  However, a person need not have actual, physical

7

possession – that is, physical custody of an object – to be in legal possession of it.  If an individual has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody at a given moment, and that person has the intent to exercise such control, then he is in legal possession of that article.  This is called "constructive possession."

More than one person can have control over the same narcotics.  The law recognizes that possession may be sole or joint.  If one person alone has actual or constructive possession of a thing, possession is sole.  If more than one person has possession of it, as I have defined possession for you, then possession is joint.

"Intent to Distribute"

Possession "with intent to distribute" simply means the possession of a controlled substance with the intention or purpose to "distribute" it to another person or persons.  As I explained, to "distribute" means simply to transfer to another.  Basically, what you are determining if you find that the defendant had possession of the drugs is whether the drugs in the defendant's possession were for his personal use or for the purpose of distribution, or delivery, to another.

Often it is possible to determine whether someone had an "intent to distribute" from the quantity of drugs that you find

8

were possessed by the defendant, although the possession of a large
quantity of controlled substances does not necessarily mean that an
individual intended to distribute them.  On the other hand, an
individual may have intended to distribute a controlled substance
even if he or she did not possess a large amount of it.  You should
make your decision whether the Government has proved beyond a
reasonable doubt that the defendant intended to distribute the
controlled substances in his possession from all of the evidence
presented in this case.

Again, to satisfy the first element, the Government need
prove only that the defendant possessed the controlled substance
with the intent to distribute it.  The Government need not prove
that the defendant actually distributed it.

> Adapted from the charge of the Honorable
> Richard M. Berman in United States v. Manuel
> Pena, S1 00 Cr. 36 (RMB) (S.D.N.Y. 2001); and
> the charge of the Honorable John G. Koeltl in
> United States v. Ovalle, 98 Cr. 04 (JGK)
> (S.D.N.Y. 1999) and from the charge of the
> Honorable John M. Walker in United States v.
> Torres, 87 Cr. 593 (JMW) (S.D.N.Y. 1988),
> aff'd, 901 F.2d 205, 221, 243-44 (2d Cir.)
> (specifically approving charge on possession),
> cert. denied, 498 U.S. 906 (1990).  See also
> Sand et al., Modern Federal Jury Instructions,
> Instr. 56-9, 56-12, and 56-13.

REQUEST NO. 8

**Count One:  Possession With Intent to Distribute a Controlled Substance – Second Element, Unlawfully, Intentionally and Knowingly**

The second element that the Government must prove beyond a reasonable doubt with respect to Count One is that the defendant acted "unlawfully, intentionally and knowingly."

The terms "unlawfully" and "intentionally" and "knowingly" are intended to ensure that if you find that the defendant did possess with intent to distribute a controlled substance, you also conclude beyond a reasonable doubt that, in doing so, he knew what he was doing; in other words, he took the actions in question deliberately and voluntarily rather than mistakenly or accidentally.

"Unlawfully" simply means contrary to law.  The defendant need not have known that he was breaking any particular law or any particular rule.  He need only have been aware of the generally unlawful nature of his acts.

An act is done "knowingly" and "intentionally" if it is done deliberately and purposefully; that is, the defendant's acts must have been the product of the defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

Knowledge and intent exist in the mind.  Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  Therefore, knowledge and intent are

10

rarely proved by direct evidence.  Instead, they are matters of inference to be determined by examination of the surrounding facts and circumstances.

Although the Government must prove that the defendant knew that he possessed narcotics, it does not have to prove that the defendant knew the exact nature of the drugs in his possession. It is enough that the defendant knew that he possessed some kind of narcotics.

Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); from Sand, Modern Federal Jury Instructions, Instr. 56-8, 56-9, and 56-18; and from United States v. Townsend, 987 F.2d 927 (2d Cir. 1993) (defining "intentionally").  See also United States v. Knuckles, 581 F.2d 305, 311-12 (2d Cir.1978) (proof of either cocaine or heroin will support conviction on count charging possession of heroin); United States v. Morales, 577 F.2d 769, 776 (2d Cir. 1978) ("[T]he law is settled that a defendant need not know the exact nature of a drug in his possession to violate § 841(a)(1); it is sufficient that he be aware that he possesses some controlled substance.") (citations omitted).

11

REQUEST NO. 9

**Count One:  Possession With Intent to Distribute a Controlled
        Substance – Third Element, Controlled Substance**

The third element that the Government must prove beyond a
reasonable doubt with respect to Count One is that the substance
involved was in fact the controlled substance charged in the
Indictment, namely, heroin.  If you find that the substance in
question contained the controlled substance alleged in the
Indictment, the purity of the substance is immaterial.

[If applicable:  In this regard, you have heard evidence
in the form of a stipulation, or agreement by both sides, that a
qualified chemist would have testified about her testing of the
substance involved and she would have testified that the exhibits
she examined contained heroin.]

    Adapted from the charge of the Honorable
    Colleen McMahon in United States v. Watson, S1
    03 Cr. 136 (CM) (S.D.N.Y. 2003), and from the
    charge of the Honorable Leonard B. Sand in
    United States v. Rios, 91 Cr. 914 (LBS)
    (S.D.N.Y. 1992).

12

REQUEST NO. 10

**Count Two: Possession of a Firearm in Furtherance
of a Drug Trafficking Crime –
General Instruction (18 U.S.C. § 924(c))**

I will now turn to Count Two of the Indictment.  Count
Two charges that, on or about November 6, 2005, VITO FORESTIER used
or carried a firearm during and in relation to a drug trafficking
crime, specifically the crime charged in Count One of the
Indictment, or possessed a firearm in furtherance of the same.
Count Two reads as follows:

> On or about November 6, 2005, in the Southern
> District of New York, VITO FORESTIER, the
> defendant, unlawfully, willfully, and
> knowingly, during and in relation to a drug
> trafficking crime for which he may be
> prosecuted in a court of the United States,
> namely, the offense charged in Count One of
> this Indictment, did use and carry a firearm,
> and in furtherance of such crime did possess a
> firearm, to wit, a loaded Smith and Wesson 9
> millimeter semi-automatic handgun.

Count Two is to be considered only if you first find that
the defendant is guilty of the underlying narcotics crime charged
in Count One.

The relevant statute on this subject is Section 924(c) of
Title 18, United States Code.  Section 924(c) provides that "any
person who, during and in relation to any . . . drug trafficking
crime . . . for which [he] may be prosecuted in a court of the
United States, uses or carries a firearm, or who, in furtherance of
any such crime, possesses a firearm" shall be guilty of a crime.

13

Adapted from the charge of Judge Peter K. Leisure
in <u>United States</u> v. <u>Bradley</u>, S 87 Cr. 1005 (PKL) .
(S.D.N.Y. 1988), <u>aff'd sub nom</u>. <u>United States</u> v.
<u>Meggett</u>, 875 F.2d 24 (2d Cir.) (specifically
approving charge), <u>cert</u>. <u>denied</u>, 493 U.S. 858 (1989),
and from Sand, <u>Modern Federal Jury Instructions</u>,
Instr. 35-76.

## REQUEST NO. 11

### Count Two:  Possession of a Firearm in Furtherance of a Drug Trafficking Crime - Elements of the Offense

To find the defendant guilty on Count Two of the Indictment, the Government must prove each of the following elements beyond a reasonable doubt:

First, that on or about November 6, 2005, the defendant carried or possessed a firearm (or any combination of these acts); and

Second, that the defendant carried the firearm during and in relation to the commission of a drug trafficking offense for which the defendant might be prosecuted in a court of the United States, here, the heroin trafficking offense charged in Count One, or possessed the firearm in furtherance of the same crime; and

Third, that the defendant did so unlawfully, willfully and knowingly.


Adapted from charge given in United States v. Omar Portee and Dushon Foster, et al., S6 01 Cr. 450 (NRB), at 7311-15; charge of Judge Peter K. Leisure in United States v. Bradley, S 87 Cr. 1005 (PKL) (S.D.N.Y. 1988), aff'd sub nom. United States v. Meggett, 875 F.2d 24 (2d Cir.) (specifically approving charge), cert. denied, 493 U.S. 858 (1989), and from Sand, Modern Federal Jury Instructions, Instr. 35-78.

15

REQUEST NO. 12

**Count Two: Possession of a Firearm in Furtherance
of a Drug Trafficking Crime –
First Element, Carrying or Possessing**

The first element the Government must prove beyond a
reasonable doubt is that the defendant carried <u>or</u> possessed a
firearm.  You need only find that the defendant did one of these
acts, that is, carry or possess a firearm, to satisfy this element.

A "firearm" is any weapon which will or is designed to
or may readily be converted to expel a projectile by the action of
an explosive, or the frame or receiver of any such weapon.  In
considering the specific element of whether the defendant used,
carried or possessed a firearm, it does not matter whether the
firearm was loaded or operable at the time of the crime.

<u>"Carry"</u>

In order to prove that the defendant carried the firearm,
the Government must prove beyond a reasonable doubt that the
defendant had the weapon within his control so that it was
available in such a way that it furthered the commission of the
crime.  The defendant need not have held the firearm physically,
that is have had actual possession of it on his person.  If you
find that the defendant had dominion and control over the place
where the firearm was located, and had the power and intention to
exercise control over the firearm, and that the firearm was
immediately available to him in such a way that it furthered the

16

commission of the drug trafficking crime, you may find that the Government has proven that the defendant carried the weapon. It is not sufficient to prove carrying if all the Government has proven is that the firearm was transported in a vehicle in which the defendant was riding. There must be some proof that the defendant knew of the weapon's presence and had the power and intention to exercise control of the weapon so that it was available for his use in the commission of the crime if the need arose.

<u>Possession In Furtherance</u>

To prove that the defendant possessed the firearm in furtherance of the crime, the Government must prove that the defendant had possession of the firearm and that such possession was in furtherance of that crime. As I instructed you with respect to Count One, possession means that the defendant either had physical possession of the firearm on his person or that he had dominion and control over the place where the firearm was located and had the power and intention to exercise control over the firearm. To possess a firearm in furtherance of a crime simply means that the firearm helped forward, advance or promote the commission of the crime. The mere possession of the firearm at the scene of the crime is not sufficient under this definition. The firearm must have played some part in furthering the crime. However, you do not need to find that the possession of a firearm actually caused a particular effect.

17

Adapted from charge given in <u>United States</u> v.
<u>Omar Portee and Dushon Foster, et al.</u>, S6 01
Cr. 450 (NRB), at 7315-15; charge of Judge
Peter K. Leisure in <u>United States</u> v. <u>Bradley</u>, S
87 Cr. 1005 (PKL) (S.D.N.Y. 1988), <u>aff'd sub
nom.</u> <u>United States</u> v. <u>Meggett</u>, 875 F.2d 24 (2d
Cir.) (specifically approving charge), <u>cert.
denied</u>, 493 U.S. 858 (1989), from the charge of
Judge John M. Walker in <u>United States</u> v.
<u>Torres</u>, 87 Cr. 593 (JMW) (S.D.N.Y. 1988),
<u>aff'd</u>, 901 F.2d 205, 241 (2d Cir.) (same),
<u>cert.</u> <u>denied</u>, 498 U.S. 906 (1990), from the
charge of Judge Kenneth Conboy in <u>United States</u>
v. <u>Ruggiero</u>, 92 Cr. 811 (KC) (S.D.N.Y. 1993),
and from Sand, <u>Modern Federal Jury
Instructions</u>, Instr. 35-80.  <u>See</u> <u>United States</u>
v. <u>Bailey</u>, 516 U.S. 137 (1995).

REQUEST NO. 13

**Count Two:  Possession of a Firearm in Furtherance
of a Drug Trafficking Crime  –
Second Element, During and In Relation to A Certain Crime,
or In Furtherance of A Certain Crime**

The second element that the Government must prove beyond a reasonable doubt with respect to Count Two is that the defendant either carried a firearm during and in relation to the commission of a drug trafficking crime, or possessed a firearm in furtherance of such crime.

Thus, in order to convict the defendant of Count Two, you must find that he committed the crime charged in Count One.  I have already described that crime for you.  Let me instruct you that the crime charged in Count One -- possession with intent to distribute heroin -- is a drug trafficking crime for which a person might be prosecuted in a court of the United States.

> Adapted from the charge of Judge Peter K. Leisure in United States v. Bradley, S 87 Cr. 1005 (PKL) (S.D.N.Y. 1988), aff'd sub nom. United States v. Meggett, 875 F.2d 24 (2d Cir.) (specifically approving charge), cert. denied, 493 U.S. 858 (1989), and from Sand, Modern Federal Jury Instructions, Instr. 35-79.

19

**REQUEST NO. 14**

**Count Two:  Possession of a Firearm in Furtherance**
**of a Drug Trafficking Crime  –**
**Third Element, Knowledge**

The third element the Government must prove beyond a reasonable doubt is that the defendant acted "unlawfully, willfully, and knowingly."  I have already defined each of these terms for you in connection with Count One and you should apply those instructions here.

20

**REQUEST NO. 15**
**Venue**

In addition to all of the elements I have described for you in Counts One and Two of the Indictment, you must also decide whether any act in furtherance of the crimes occurred within the Southern District of New York.  I instruct you that the Southern District of New York includes the Bronx, New York.

I should note that on this issue – and this issue alone – the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crimes charged occurred in the Southern District of New York.

If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendant of the charge that you are considering.

Adapted from the charge of the Honorable
Charles S. Haight, Jr. in United States v.
Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991) (wire
fraud), and from Sand et al., Modern Federal
Jury Instructions, Instr. 3-11.

See 18 U.S.C. § 3237 (general venue provision
for offenses beginning in one district and
ending in another).  See also United States v.
Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir. 1991)
(affirming that venue is governed by a
preponderance standard).

**REQUEST NO. 16**
**The Defendant's Testimony**
**[Requested Only If The Defendant Testifies]**

The defendant testified at trial.  You should examine and evaluate that defendant's testimony just as you would the testimony of any witness with an interest in the outcome of the case.


Adapted from <u>United States</u> v. <u>Prince Gaines</u>,
457 F.3d 238, 244-50 (2d Cir. 2006).

22

**REQUEST NO. 17**
**The Defendant's Right Not to Testify**
**[If Requested By The Defendant]**

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-21.

23

**REQUEST NO. 18**
**Law Enforcement Witnesses**

You have heard testimony of law enforcement officials. The fact that a witness may be employed by the government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, <u>Modern Federal</u>
<u>Jury Instructions</u>, Instr. 5-25.

24

**REQUEST NO. 19**
**Use of Evidence Obtained Pursuant to Search**

You have heard testimony about certain evidence that was seized in a search of the defendant's person and the defendant's car.  Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you.  Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

> Adapted from the charges of Judge Pierre N. Leval in United States v. Ogando, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), aff'd, 968 F.2d 146 (2d Cir. 1992) and in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

25

**REQUEST NO. 20**
**Particular Investigative Techniques Not Required**
**[If Applicable]**

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by law enforcement authorities.  There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

Adapted from the charge of Judge Pierre N.
Leval in United States v. Mucciante, 91 Cr. 403
(PNL) (S.D.N.Y. 1992), and from the charge of
Judge John F. Keenan in United States v.
Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

26

**REQUEST NO. 21**
**Limiting Instruction – Similar Act Evidence**

**[If Applicable]**

You will recall that some evidence introduced by the Government was received for a limited purpose. For example, the Government has offered evidence tending to show that on a different occasion the defendant engaged in conduct similar to the charges in the Indictment. In that connection, let me remind you that the defendant is not on trial for committing this act not alleged in the Indictment. Accordingly, you may not consider this evidence of a similar act as a substitute for proof that the defendant that you are considering committed the crimes charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar acts was admitted for the much more limited purposes of showing intent, knowledge, motive, and absence of mistake, and you may consider it only for those limited purposes.

If you determine that the defendant committed the acts charged in the Indictment and the similar act as well, then you may, but you need not, draw an inference from the evidence of the similar act that the defendant had a motive to commit the acts charged in the Indictment and in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons.

27

However, this evidence of a similar act may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other act he must also have committed the acts charged in the Indictment.

> Adapted from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (JFK) (S.D.N.Y. 1991) and from Sand, et al., Modern Federal Jury Instructions, Instr. 5-25; see also United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992) ("upon request, the district court must give an appropriate limiting instruction to the jury" when admitting similar act evidence pursuant to Rule 404(b)).

### REQUEST NO. 22
### Preparation of Witnesses

### [If Applicable]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Charge of the Honorable Michael B. Mukasey in <u>United States v. Abdul Latif Abdul Salam</u>, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

29

**REQUEST NO. 23**
**Uncalled Witness: Equally Available to Both Sides**

**[If Applicable]**

Both the Government and the defendant have the same power to subpoena witnesses to testify on their behalf.  If a potential witness could have been called by the Government or by the defendant, and neither called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the Government, unfavorable to the defendant, or unfavorable to both.

On the other hand, it is equally within your province to draw no inference at all from the failure of either side to call any particular witness.

You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

> Adapted from the charge of the Honorable Kenneth Conboy in United States v. Lew, 91 Cr. 361 (S.D.N.Y. 1991); and Sand, Modern Federal Jury Instructions, Instr. 6-7.  See generally United States v. Erb, 543 F.2d 438, 444 (2d Cir.) (discussing propriety of missing witness charges), cert. denied, 429 U.S. 981 (1976).
>
> "[W]hen a witness is equally available to both sides, 'the failure to produce is open to an inference against both parties.'  No instruction is necessary where the unpresented testimony would be

30

merely cumulative." <u>United States</u> v.
<u>Torres</u>, 845 F.2d 1165, 1169 (2d Cir.
1988) (citations omitted & emphasis in
original); <u>see</u> <u>also</u> <u>United States</u> v.
<u>Nichols</u>, 912 F.2d 598, 601 (2d Cir. 1990)
(whether to give charge is committed to
discretion of trial judge; generally
discussing applicable standards).

## REQUEST NO.  24
## Persons Not on Trial

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that any person other than the defendant is not on trial here.  You may also not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

Adapted from Judge Werker's charge in <u>United States</u> v. <u>Barnes</u>, S 77 Cr. 190 (Nov. 29, 1977), <u>aff'd</u>, 604 F.2d 121 (2d Cir. 1979).

REQUEST NO. 25
Expert Testimony
[If Applicable]

You have heard testimony from what we call expert witnesses.  They are witnesses who by education or experience have acquired learning or experience in a science or a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be expert and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, of if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the

33

other evidence does not give you reason to doubt [his/her]

conclusions, you would be justified in placing great reliance on

[his/her] testimony.

> Adapted from the charge of Judge Pierre N.
> Leval in <u>United</u> <u>States</u> v. <u>Mucciante</u>, 91 Cr. 403
> (PNL) (S.D.N.Y. 1992) and from the charge of
> Judge Michael B. Mukasey in <u>United</u> <u>States</u> v.
> <u>Mensah</u>, 91 Cr. 705 (MBM) (S.D.N.Y. 1991).

**REQUEST NO. 26**
**Character Testimony**
**[If Applicable]**

You have heard testimony that the defendant [describe testimony:  e.g., has a good reputation for honesty in the community where he lives and works and for truthfulness].

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's honesty and truthfulness when you decide whether the Government has proven, beyond a reasonable doubt, that the defendant committed the crime.

> Adapted from the charge in United States v. Pujana-Mena, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).
>
> [A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal.  Pujana-Mena, 949 F.2d at 27-31 (strongly criticizing such charges as "potentially misleading and confusing").  The Second Circuit notes that "[i]t might be helpful in some cases to instruct the jury as to the purpose or purposes for which [character evidence] is admitted.  Character evidence is admissible principally to show that, because of his or her good reputation, the defendant is less likely to have committed the charged crime.  In cases where the defendant testifies, character evidence may also be used by the jury to help it determine whether the defendant was truthful on the stand."  Id. at 30 (citations omitted).]

35

**REQUEST NO. 27**
**Stipulations**
**[If Applicable]**

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

In this case you have also heard evidence in the forms of stipulations of fact.  A stipulation of fact is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.

Sand et al., <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>,
Instr. 5-6 & 5-7.

36

## REQUEST NO. 28

### Variance in Dates

It does not matter if the Indictment alleges that a specific act occurred on or about a certain date and the testimony indicates that in fact it was on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony.  The same goes for most of the other factual contentions in the Indictment.


Adapted from the charges of Judge Weinfeld in United States v. Della Rocca, 72 Cr. 217 (S.D.N.Y. 1972); of Judge Metzner in United States v. Koss, aff'd, 506 F.2d 1103 (2d Cir. 1974); and of Judge Owen in United States v. Lofland, 75 Cr. 769 (S.D.N.Y. 1975).

37

## REQUEST NO. 29

### Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendant.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  To return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors. Remember at all times, you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

38

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

Dated:     New York, New York
           January 24, 2007

                         Respectfully submitted,

                         MICHAEL J. GARCIA
                         United States Attorney for the
                         Southern District of New York


                    By:  /s/ Brendan R. McGuire
                         Brendan R. McGuire
                         Michael Q. English
                         Assistant United States Attorneys
                         (212) 637-2220/2594

## AFFIRMATION OF SERVICE

BRENDAN R. MCGUIRE, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York.

That on January 24, 2007, I caused a copy of the attached Government's Requests to Charge to be delivered by Hand and via ECF to Roland Thau, Esq., Federal Defenders of New York, Inc., 52 Duane Street, 10th Floor, New York, New York 10007.

I declare under penalty of perjury that the foregoing is true and correct, pursuant to  28 U.S.C. Section 1746.

Dated:    New York, New York
          January 24, 2007


                    /s/ Brendan R. McGuire
                    Brendan R. McGuire