UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X

UNITED STATES OF AMERICA            :

              - v -                 :

**VITO FORESTIER,**                 :              **05 CR. 1280 (kmk)**

              Defendant.            :

-------------------------------X


### DEFENDANT VITO FORESTIER'S PROPOSED REQUESTS TO CHARGE JURY


                              LEONARD F. JOY
                              Federal Defender of New York
                              Attorney for Defendant
                              **VITO FORESTIER**
                              52 Duane Street - 10th Floor
                              New York, New York  10007
                              Tel.:  (212) 417-8733


**ROLAND THAU**
     Of Counsel



TO:  Michael J. Garcia, ESQ.
     United States Attorney
     Southern District of New York
     One St. Andrew's Plaza
     New York, New York  10007
     Attn: **BRENDAN R.McGUIRE, ESQ.**
          Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA            :

            - v -                   :

**VITO FORESTIER,**                 :            **05 CR. 1280 (KMK)**

            Defendant.              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - X


### DEFENDANT VITO FORESTIER'S REQUESTS TO CHARGE JURY

The defendant **Vito Forestier** respectfully requests that in addition to its customary, standard instructions, some of which are not set forth herein for the sake of economy but are requested be given, the Court instruct the jury as follows or in language which expresses the intentions of this submission.


### REQUEST NO. 1 - GENERAL INSTRUCTIONS

Mr. Forestier respectfully requests that the Court give the pattern instructions with respect to the following matters:

   a.   Functions of Court and Jury

   b.   Statements of Court and Counsel not Evidence

   c.   Presumption of Innocence and Burden of Proof

   d.   Witness Credibility

   e.   Right to See Exhibits and Have Testimony Read During Deliberations

-1-

f.   Requirement of Unanimity of Verdict

g.   Stipulations as Evidence

h.   Venue

## **REQUEST NO. 2 - DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be a direct or circumstantial.

Direct evidence is direct proof of a fact such as testimony by a witness about what she or he personally saw or heard or did. Circumstantial evidence is indirect evidence, that it is, evidence from which one might infer or find another fact. You ought to consider both direct and circumstantial evidence. The law permits you to give equal weight to both providing however that you understand that direct evidence is a one step process which only requires that you believe a witness or physical exhibit to truthfully tell or reflect the fact to be proven. In effect, then, direct evidence requires only that the jury believe that the accuracy of the testimony or the physical exhibit.

To be credited, circumstantial evidence however, requires first that the jury believe the accuracy of the witness or the exhibit but requires in addition that the jury draw an inference or a conclusion from that first finding. That is why I told you that circumstantial evidence involves a two-step process. I caution you also that an inference may be perfectly reasonable and yet be factually wrong. You have a heard during summations illustrations of how an inference might be reasonable and yet be mistaken.

If you find that the evidence gives equal or nearly equal circumstantial support to a theory of guilt and a theory of

innocence  then you must find the defendant not guilty since I

have told you elsewhere that a defendant has the criminal bar is

presumed innocent and should benefit from every reasonable doubt.

**AUTHORITY**

Ninth Circuit Pattern Charge 1.5; United States v. Glenn  312 F.3d
58, 70 (2d Cir. 2002).  See also First Circuit Pattern Charge
3.05.

The proposed instruction clearly defines direct and
circumstantial evidence.  We ask that the Court not add certain
examples of direct and circumstantial evidence, because such
examples can be unnecessarily confusing and potentially burden
shifting.  In particular, the frequently used example of sitting
in a courtroom without windows but concluding it is raining
outside because people walk in dripping wet is problematic because
the example involves jurors witnessing an event firsthand and then
making inferences based upon that experience; whereas in the trial
the jurors must make inferences based upon the testimony of
others.  There is an additional layer of reasoning that jurors
must employ when considering circumstantial evidence, and the
example takes the emphasis away from the reasoning process,
instead focusing the jury on an obvious answer.

In addition, the common charge that circumstantial evidence
is "as valuable as direct evidence," and that the law makes no
distinction between the two, is misleading because it
circumstantial evidence often involves an additional leap of
reasoning that is not required from direct evidence.  Not only
must a witness' credibility and memory be credited, but then an
inference must be made as to the meaning of the witness'
statement.  Each piece of evidence should be evaluated
independently and the jurors should be free to find that
circumstantial evidence is more or less valuable than direct
evidence.

In a recent opinion, the Second Circuit held that if the
evidence, viewed in the light most favorable to the prosecution,

-4-

gives equal or nearly equal circumstantial support to a theory of
guilt and a theory of innocence, then a reasonable jury must
necessarily entertain a reasonable doubt. <u>United States v. Glenn</u>,
312 F.3d 58, 70 (2d Cir. 2002). The Second Circuit reversed a
conviction for insufficiency of evidence because the Government's
circumstantial evidence gave nearly equal support to a theory of
innocence. <u>Id.</u>

## REQUEST NO. 3 - LAW ENFORCEMENT WITNESSES

You have heard the testimony of law enforcement officers.
A witness' employment as a law enforcement official does not make
her or his testimony more or less deserving of consideration or
carry a greater or lesser weight than that of any other witness.

It is quite legitimate for the defense to attack the
credibility of a law-enforcement witness on the grounds that her
or his testimony may be colored by a personal or professional
interest in the outcome of the case or any other ground which
might be argued concerning any other witness.

It is your decision, after listening to the arguments of
counsel of both sides and reviewing all the evidence, whether to
accept the testimony of law enforcement witnesses and to give the
testimony whatever weight you decide it deserves.

**AUTHORITY**

Adapted from L. Sand, et al., Modern Federal Jury Instructions -
Instruction 7-16.

-6-

## REQUEST NO. 4 - REASONABLE DOUBT

The government must prove a defendant guilty beyond a reasonable doubt. The question naturally is: What is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all the evidence. It is a doubt that would cause a reasonably prudent person to act in a matter of the highest importance in her or his personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of her or his own affairs.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. This burden of proof never shifts to the defendant. Even if Mr. Forestier has presented evidence in his defense -and he has - it is not his burden to prove that he is innocent. It is always the government's burden to prove each of the elements of each crime charged beyond a reasonable doubt.

If after a fair and impartial consideration of all the evidence and any lack of evidence you're satisfied beyond a reasonable doubt that the government has proven each element of

each crime charged, you may contact of the charge or count as to which you are so satisfied.

On the other hand, if after a fair and impartial consideration of all the evidence and the reasonable inferences you draw from it you are left with a reasonable doubt, it is your duty to acquit Mr. Forestier.

I remind you that since Mr. Forestier is presumed innocent and since that presumption remains intact until such time if ever as you find that it has been overcome and since the burden of proof is entirely on the government and not on him, the question you should ask yourselves is absolutely not whether the evidence shows his innocence -since it is presumed- but rather whether the evidence demonstrates his alleged guilt beyond a reasonable doubt.

It has often been said that a jury's function in a criminal case is to determine guilt or innocence. Nothing is further from the truth. Since a defendant at the criminal bar is presumed innocent, a jury should not consider whether the evidence demonstrates innocence but should only consider whether it demonstrates a defendant's alleged guilt. If a jury were to weigh whether a defendant was innocent it would impermissibly shift the burden of proof to the defendant who, as you know has no such burden.

**AUTHORITY**

Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instruction 4-2.

-5-

## REQUEST NO. 5 - DEFENDANT'S ELECTION NOT TO TESTIFY
### (If Applicable)

Mr. Forestier did not testify in this trial.   Under our Constitution, he has no obligation to testify nor in fact to present any evidence because it is for the prosecution to prove that a defendant is guilty beyond a reasonable doubt.

As I stated earlier, the burden remains with the prosecution throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent. The right of the defendant not to testify is an important part of our Constitution.   The Supreme Court of the United States has said:

> It is not everyone who can safely venture on the witness
> stand though entirely innocent of the charge against
> him. Excessive timidity, nervousness when facing others
> and attempting to explain transactions of a suspicious
> character, and offenses charged against him, go often
> confuse and to embarrass him to such a degree is to
> increase rather than remove any prejudice against him.
> Is not everyone, however honest, who would therefore
> willingly be placed on the witness stand.

You may not attach any significance to that defendant's decision to not testify. No adverse inference against him may be drawn by you because he did not take the stand. You may not consider this against him in any way in your deliberations.

## AUTHORITY

Adapted from the charge of the Hon. John S. Martin in <u>United States v. Flanagan</u>, 95 Cr. 105 (JSM) (Tr. at 558 - 559) (quoting <u>Wilson v. United States</u>, 149 U.S. 60, 66 (1893)). See also <u>Carter v. Kentucky</u>, 450 U.S. 288, 300 n.15 (1981); <u>Griffin v. California</u>, 380 U.S. 609, 613 (1965); charge of the Hon. John S. Martin in <u>United States v. Anosike</u>, 94 Cr. (JSM).

## REQUEST NO. 6 - DEFENDANT'S ELECTION TO TESTIFY

### (If Applicable)

As I instructed to earlier, a defendant in a criminal case never has any duty to testify or come forward with any evidence at all, this is because the burden of proof beyond reasonable doubt remains on the government at all times and a defendant is presumed innocent.  In this case, Mr. Forestier did testify and he was subjected to cross examination , like the other witnesses. The fact that he testify does not in any way remove or lessen the burden on the government to prove the charges beyond a reasonable doubt as a defendant did not have to testify and in fact did not have to present any evidence whatever.

You should examine and evaluates his testimony just as you would the testimony of any witness with an interest in the outcome of the case. You should not disregard or disbelief  his testimony simply because he is charged as a defendant and would,  of course, wish to be acquitted by you. You also need to remember that a defendant's decision to testify does not in any way shift the burden of proof to him.  Do not ask yourselves whether his testimony convinces you of his innocence.  Rather, you must consider all the evidence and or the lack of evidence presented to you and then ask yourselves whether or not the prosecution has proven charges contained in the indictment beyond a reasonable doubt.

11.

**AUTHORITY**

Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instruction 74; see also Charge of Hon. Robert P. Patterson in United States v. Jose De La Cruz-Ramirez, 97 Cr. 711 (RPP).

## **REQUEST NO. 7 - GOVERNMENT TREATED LIKE ANY OTHER PARTY**

You are to deliberate and return verdicts, without bias or prejudice for or against any party. Remember that all parties stand equal before the jury in the courts of the United States. The fact that the government is a party and the prosecution is brought in the name of the United States is not entitled to government or its witnesses to any greater consideration than that recorded any other party. By the same token, you must give it no less consideration.

Before each of you was sworn in as a juror, you assured us on your oath that you would follow the law as I give it to you and not return verdicts infected by improper views that certain principles of law and arguments of counsel were "mere legal technicalities" which you would not respect and follow. I tell you once again that, in the administration of justice, and particularly in a criminal case, there is no such thing as a "mere legal technicality" and that if any of you were inclined to return verdicts influenced by such views you would not be doing justice either to our sacred principles and certainly not to Mr. Forestier who, as every defendant at the bar, deserves a fair trial.

### **Authority**

13

Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions</u>
Instruction 2-5; <u>see also</u> Charge of Hon. Shira A. Scheindlin in
<u>United States v. Gary Tyner</u>, 03 Cr. 1412 (SAS).

## REQUEST NO. 8 - IMPROPER CONSIDERATIONS

your verdict must be based solely on the evidence developed
at trial or the lack of evidence.

It would be improper for you to consider, in reaching good
decisions as to whether the government sustained its burden of
proof, any personal feelings you may have about the defendant's
race, religion, and national origin sex or age or persons are
entitled to the presumption of innocence and the government always
has the burden of proof.

It would be equally improper for you to allow any feelings he
might have about the nature of the crime charged to interfere with
your decision making process.

To repeat, your verdict must be based exclusively upon the
evidence or the lack of evidence in this case.

### AUTHORITY

Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions</u> -
Instruction 2-11.

## REQUEST NO. 9 - THE INDICTMENT

Mr. Forestier is charged in an indictment as I instructed to previously. The indictment is a charge or accusation. It is simply the means by which a criminal case is started. Is not evidence. It does not create any presumption against a defendant Nor does it create any inference that Mr. Forestier is guilty or committed any of the crimes charged in the indictment. The indictment in this case contains two counts. I will first summarize the offenses charged and then explain in detail some of the elements of the offenses.

## **REQUEST NO. 10 - SUMMARY OF THE INDICTMENT**

I will now turn to the specific charges in the indictment:

COUNT ONE CHARGES: please read Count One of Indictment,

COUNT TWO CHARGES: please read Count two of Indictment,

Mr. Forestier has pled not guilty to each charge. In doing so, he has denied that he committed either one of the offenses charged and he and the law which you must follow have placed the entire burden of proof on the government.

## REQUEST NO. 11 - ELEMENTS OF THE OFFENSE IN COUNT ONE (POSSESSION WITH INTENT TO DISTRIBUTE)

You must find Mr. Forestier not guilty unless the government has established beyond a reasonable doubt each of the following three elements:

first, that he possessed narcotic drugs;

second, that he knew that he assessed such drugs; and

third, that he possessed those drugs with the intent to distribute them.

If the government fails to prove anyone of these elements beyond a reasonable doubt that you must acquit Mr. Forestier of that count as well as of Count II, the firearm charge because Count two is entirely dependant on Count I.

### Authority

Adapted from L. Sand et al., Modern Federal Jury Instructions, Instruction 56-2.

## REQUEST NO. 12 - ELEMENT OF COUNT ONE: POSSESSION OF HEROIN

The first element the government must approve the unreasonable doubt is that Mr. Forestiers possessed a controlled substance. To establish this element, the government must prove beyond a reasonable doubt that the substance alleged to be heroin was in fact a controlled substance. I charge you that heroin is a controlled substance.

## Authority

Adapted from L. Sand et al., Modern Federal Jury Instructions, Instruction 56-3.

-18-

## REQUEST NO.13 -  ELEMENT OF COUNT ONE:
## INTENT TO DISTRIBUTE

An essential element which the government
would have to prove beyond reasonable doubt is that if Mr.
Forestier knowingly possessed a controlled substance, he possessed
it with the intention of distributing it to another or others.

Intent is a state of mind which can be determined in a number
of ways, some are more explicit and compelling than other ways ,
such as a defendant's statements, tape recordings catching
criminal conversations, confessions admitting an intention to
distribute drugs, the possession of drug paraphernalia such as
scales, written drug records, strainers with narcotics residue, a
stock of empty glassine envelopes or other packaging material,
commonly used in the narcotics business.

And intent to distribute drugs may also be proven by a witness
or witnesses who testified that a theoretical defendant had
previously distributed drugs and or had proposed to do so with the
substance possession of which he was charged.

There is no legal presumption that the quantity of drugs
allegedly possessed by Mr. Forestier was intended for
distribution.    Neither the number of glassine envelopes in this
case nor the weight of the powder in them, nor the street cost of
that powder creates a legal presumption that this substance was
intended for distribution.

-19-

As you know, Mr. Forestier has presented evidence that he was addicted the use of heroin and that the heroin he possessed the day of his arrest was for his own personal use. Dr. Holland testified that, in her experience as a treating physician specializing in drug abuse the quantity the drugs involved here was consistent with personal use quantity by one addicted to the substance. Doctor Holland's testimony was not that drugs in whatever quantity could not be sold on the streets of New York. You should assess the weight and quality and credibility of her testimony in comparison with that of the police officer whom the government called to testify that the quantity of drugs involved in this case should convince you that it was intended to be sold. In assessing that officer's testimony, consider his experience or lack of experience and training in the area of drug treatment and rehabilitation.

You also have before you evidence that the day after his arrest, Mr. Forestier gave your urine which tested positive for narcotics and his jail records confirming that when arrested , he was addicted to drugs.

**Authority**

Adapted from L. Sand et al., Modern Federal Jury Instructions, Instruction 56-9.

**REQUEST NO. 14 - COUNT TWO (WEAPONS):**

**TRIGGERED ONLY IF COUNT ONE IS "TRAFFICKING OFFENSE"**

Count II invokes a special law or statute which requires that
you find Mr. Forestier not guilty of that crime if you find him
not guilty of Count one, the crime of possessing heroin with
intent to distribute it because the specific law which the
government invokes here makes the possession of a weapon the crime
charged only if the drug possession on which it is dependent was
proven beyond reasonable doubt to be a "trafficking offense"
which, as we discussed earlier requires in intention to distribute
a controlled substance.

Thus, if you find Mr. Forestier not guilty on count I, you
need not liberate any further and consider a verdict on Count II
since, in that event, the law require a dismissal of Count II by
the court itself.

-21-

### REQUEST NO. 15 - COUNT TWO (WEAPONS)

### IN FURTHERANCE OF A DRUG TRAFFICKING OFFENSE

I just told you Count II must be dismissed without your even deliberating on it if you found that the government had not proven beyond a reasonable doubt that Mr. Forestier had intended to distribute the controlled substance as charged in Count I.

There is another, separate and additional basis to acquit on Count II even if you should find Mr. Forestier guilty on Count I.

Since the government has the burden of proving beyond a reasonable doubt that the firearm was possessed " in furtherance" of a drug trafficking crime, you should acquit him of Count II if the government has not met its burden of proof beyond a reasonable doubt that the firearm possession was in fact "in furtherance", a term I will now discuss with you.

To possess a firearm "in furtherance" of a drug trafficking crime means that the firearm helped promote, accomplish, advance or achieve the goal or objective of the underlying trafficking offense.  The mere presence of a firearm at the scene of a drug trafficking offense is not enough . The firearm must have had some nexus, that is, some purpose or effect, with respect to the underlying narcotics  offense and have played some part in furthering that crime in order for this element to be satisfied .

For example, you may consider be accessibility of the firearm, the type of drug activity conducted, the time and circumstances in which the firearm was found, proximity of the firearm to the drugs, the spatial relationship of the firearm two

the drugs - any evidence - testimonial or otherwise that the firearm was intended to facilitates in any way a drug trafficking offense.

I caution you that the mere possession of a firearm by someone who also possesses drugs, even if with intent to distribute the drugs, does not satisfy the "in furtherance".

As you know, many people possess drugs and guns without there being the kind of "nexus" between the two which I discussed earlier.

### Authority

Adapted from Government's request to charge. Brendan R. McGuire. Esq.,AUSA  in United States v. Lopez, 05 Cr. 817 SHS .

Dated:   New York, New York
         January 25. 2006

Respectfully Submitted,

LEONARD F. JOY, ESQ.
Federal Defender of New York

By: _____

Roland Thau,
Attorney for Defendant
  Vito Forestier
52 Duane Street - 10th Floor
New York, New York 10007
Tel.:  212) 417-8733

TO:  MICHAEL J. GARCIA, ESQ.
     United States Attorney
     Southern District of New York
     One St. Andrew's Plaza
     New York, New York  10007
     Attn: **BRENDAN R. McGUIRE, ESQ.**
           **MICHAEL Q. ENGLISH, ESQ.**
     Assistant United States Attorneys