USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1\30\07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

VITO FORESTIER,

            Defendant.

---

Case No. 05-CR-1280 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

On January 23, 2007, the Defendant requested that the Court order the government to disclose the entire grand jury minutes. This request is DENIED.

"[A] party seeking disclosure of grand jury minutes must show a particularized need that outweighs the need" for grand jury secrecy. *United States v. Dunn*, No. 05 CR. 127, 2005 WL 1705303, at *1 (S.D.N.Y. July 19, 2005) (internal quotations and citations omitted). In general, "[a] review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct." *United States v. Torres*, 901 F.2d 205, 233 (2d Cir. 1990) (citing *United States v. Wilson*, 565 F. Supp. 1416, 1436-37 (S.D.N.Y. 1983)); *see also Dunn*, 2005 WL 1705303, at *1. Here, Defendant has made no such allegation and demonstrated no such need. Defendant's request is based on two primary arguments. First, he speculates that, as the government did not, in his opinion, produce sufficient evidence to support the distribution element of the indictment, the government has no such evidence, and therefore he seeks the grand jury minutes in an attempt to determine whether the grand jury was properly charged. Speculation is insufficient to meet Defendant's burden of showing a particularized need. *See United States v. Jailall*, No. 00 CR. 069, 2000 WL 1368055, at *3 (S.D.N.Y. Sept. 20, 2000).

Second, Defendant argues that the government may have overly relied on hearsay testimony in the grand jury proceedings. Defendant concedes, as he must, that hearsay testimony is admissible before the grand jury. *See Costello v. United States*, 350 U.S. 359, 363-64 (1956). Defendant contends that the government excessively relied on hearsay, but offers nothing to support this speculation. Even "double-hearsay" is admissible before the grand jury, and the use of such testimony is not evidence of government misconduct. *See United States v. Carter*, No. 04 CR. 594, 2005 WL 180914, at *5-6 (S.D.N.Y. Jan. 25, 2005) (rejecting motion to open grand jury minutes where grand jury testimony was based on double-hearsay testimony of a single witness); *see also United States v. Lester*, No. S1 95 CR. 216, 1995 WL 656960, at *10 (S.D.N.Y. Nov. 8, 1995) (denying defendant's motion to inspect grand jury minutes even though defendant alleged indictment was based on hearsay testimony of confidential informant).[1]

---

[1] In support of his application, Defendant relies heavily on *United States v. Brito*, 907 F.2d 392 (2d Cir. 1990). In *Brito*, the Second Circuit was critical of the Government's systematic use of hearsay in the grand jury. However, two years after *Brito*, the Supreme Court decided *United States v. William*, 504 U.S. 36 (1992), in which the Court held that a prosecutor commits misconduct only when he or she violates one of the "few clear rules which were carefully drafted and approved by this Court and by Congress to ensure the integrity of the grand jury's functions.'" *Id.* at 46 (quoting *United States v. Mechanik*, 475 U.S. 66, 74 (1986)). "[O]ther district courts in this circuit have held that the Supreme Court's decision in *Williams* invalidates the Second Circuit's rule in *Brito*." *Carter*, 2005 WL 180914, at *3 (collecting cases). Thus, *Brito* is insufficient authority for Defendant's argument.

Defendant has not raised specific factual allegations of government misconduct, nor has he shown a particularized need for the grand jury minutes. Therefore, Defendant's request that the Court order the government to turn over the entire grand jury minutes is DENIED.[2]

SO ORDERED.

Dated:   January 30, 2007
         New York, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

[2] At the end of his reply letter, Defendant argues that, if the Court chooses not to grant its request to open the grand jury minutes, the Court should inspect the minutes *in camera*. (Letter from Roland Thau to the Court, January 29, 2007.) The same standard of review applies to Defendant's request for *in camera* review of the grand jury minutes. *See Carter*, 2005 WL 180914, at *5. Therefore, this request is also denied.

3