February 5, 2007

**filed electronically and by hand**

Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

<u>RE</u>:   United States v.  Vito Forestier
          05 Cr.  1280 (KMK)

Your Honor:

     We respectfully oppose the government's February 2nd motion in a *in limine* to admit as Fed.R.Evid. 404(b) evidence two alleged but uncharged crimes of Christmas day 1995 and May 23, 2000.  We oppose on grounds which we will set forth later in this submission as well as perhaps additional ones orally on February 6th when we meet to discuss housekeeping matters before the jury panel is brought in.

     But first, we must express our dismay that the government's latest (February 2nd) salvo in its on- again off- again eve of trial 404(b) campaign is beginning to suggest guerrilla warfare intended  to monopolize defense counsel's every waking moment – and even his restless sleep– to the detriment of his trial preparation.

     After the government brought its first 404(b) *in limine* motion which we were called upon to answer in writing, it dropped it, having wasted defense counsel's time and limited resources and diminishing stamina as well as the court's time since it had to read and consider both submissions before the government blithely announced  its withdrawal of  it at our February 1st conference.

      Now, at Super Bowl weekend time when every red-blooded naturalized American citizen especially,  is called upon to prove his patriotism by immersing in the mandatory hoopla , the government launches its second (once again time and effort-consuming)  and this time  meritless 404(b) assault.  The government's citation-laden seven-page submission of  late in the day, Friday February 2nd has all the appearance of a "canned" brief.  The court might call  on its authors  to set forth the facts in the over 25  judicial decisions they cite,  adopting the revered late

Honorable Kenneth M. Karas February 5, 2007
United States District Judge Page 2
Southern District of New York

**RE:   United States v. Vito Forestier**
      **05 Cr. 1280 (KMK)**

Judge Edward Weinfeld's frequent admonition: "Just give me your two or three best and most on point cases!"

      For starters, addressing the "merits" of the government's motion, we note that as it and the court know, Mr. Forestier will not dispute that, on November 6, 2005, he knowingly possessed heroin and a loaded firearm. Since mere unlicensed possession of a firearm in New York City is a crime, we will not make the absurd argument that this possession was for an innocent purpose. How could one ever say "I committed a crime for innocent reasons.". In these circumstances, the entire lengthy middle paragraph, page 4, of the government's February 2nd motion is utterly misplaced and indeed misleading. The seven or so cases cited by the government there are not the least bit on point. Most of those cases involve defendants who denied having or knowing that they had the charged weapons. Thus it would appear that the government would invoke 404(b) prior weapons possessions in a trial in which the defendant admitted that he knowingly possessed a firearm.

      The proposed 404(b) evidence here, does not establish disputed motive, intent, identity, lack of knowledge; the cornucopia of bases for which such evidence might be admissible. It is clearly intended to convince the jury that Mr. Forestier is a bad man, hence guilty of the two offenses charged.

**Alleged crime #1, 12/25/1995** -

      Notice is late and lacking the specificity ( time of occurrence, name, address, telephone number of alleged victim) which, even if we had time to investigate, is insufficient. Since it is alleged that crime #1 was committed on Christmas day, our client may well have been attending Christmas family gatherings at which photos may have been taken and alibi witnesses might be available. We are unable at this late date and with such short notice to reconstruct where Mr. Forestier was 11 Christmases ago.

      In this never prosecuted matter, the defendant is alleged to have had a knife while one of his accomplices had a handgun. The matter never even reached the court, ostensibly because the victim was intimidated into no longer cooperating with the authorities.

      The admission of such evidence is of no legitimate probative value in this case and the prejudicial effect far outweighs its non-probative value.

      Fed.R.Evid. 403 provides that even "relevant evidence may be excluded if it's [1] probative value is substantially outweighed by the danger of unfair prejudice, [2] confusion of

Honorable Kenneth M. Karas  February 5, 2007
United States District Judge  Page 3
Southern District of New York

**RE:   United States v.  Vito Forestier**
       **05 Cr.  1280 (KMK)**

the issues or [3] misleading the jury, or [4] by considerations of undue delay, [5] waste of time or needless presentation of cumulative evidence."

Evidence of this alleged conduct would have to be presented by an eyewitness to it; presumably the victim and or perhaps one of the defendant's then co-conspirators.  Not only would that evidence be irrelevant in this setting, but it would run afoul of every single above-numbered 403 reasons for excluding it.  In effect, the government is proposing to try a 1995 armed robbery case which never even found its way to court following the defendant's arrest January 16, 1996.

**Crime #2 - May 23, 2000 - Alleged  attempted robbery and firearm possession.**

Unlike concerning "Crime #1" above,  it is not claimed by the government, here, that the victim and or the police who allegedly recovered a firearm from Mr Forestier were intimidated into not pursuing his prosecution. Yet, that alleged crime, some of it actually committed in the police's presence was not even brought the court, much less to conviction!  Mr. Forestier must surely have a very powerful rabbi if  he avoids prosecution for possessing a firearm in the very presence of police officers.

The Rule 403 argument sets forth above concerning "crime #1" are incorporated by reference.

The government is calling upon Your Honor to preside over THREE trials, all rolled into one.  If Your Honor is inclined to do so or even to hold two trials within one, we would request an adjournment of several weeks for the appropriate discovery to be made by the government and for an opportunity to investigate the government's belated gambit.

Respectfully,

Roland Thau
Staff Attorney
Tel.: (212) 417-8733

cc:   Brendan R. McGuire, Esq.,
      Michael Q. English, Esq.
      Assistant United States Attorneys
      By fax (212) 637-2387