**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

# MEMO ENDORSED

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 27, 2007

**By Hand**

The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street - Room 920
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/6/07

Re:   *United States v. Vito Forestier*
      05 Cr. 1280 (KMK)

Dear Judge Karas:

      As Your Honor is aware, on February 13, 2007, the defendant was found guilty of both counts in the above-referenced Indictment. In addition to the two counts, the Indictment also contains a forfeiture allegation. On June 2, 2006, the Government filed a Bill of Particulars putting the defendant on notice that the $19,000 in cash recovered from the car the defendant was driving at the time of his arrest was subject to forfeiture. Thereafter, on July 6, 2006, the Court issued an Order pursuant to 21 U.S.C. § 853 authorizing the Government to preserve the $19,000 until the conclusion of the trial.

      Pursuant to Rule 32.2 (b)(1) of the Federal Rules of Criminal Procedure, the Court must now determine whether the Government has established the requisite nexus between the $19,000 in cash and the offense of conviction. The Court's determination may be based upon evidence already in the record, or upon evidence or information presented by the parties at a forfeiture hearing. Thereafter, if the Court finds that the $19,000 in cash is subject to forfeiture, it must enter a preliminary order of forfeiture directing the forfeiture of the $19,000 in cash, "without regard to any third party's interest in all or part of it." See Fed. R. Cr. P. 32.2(b)(2). Any determination of a third party's interest must be deferred until a third party files a claim in an ancillary proceeding under Rule 32.2(c). The hearing with respect to any third party's interest shall be held before the Court, without a jury.[1] See 21 U.S.C. § 853(n)(2). At the conclusion of the ancillary proceeding, the Court must enter a final order of forfeiture by amending the

---

    [1]    While a defendant may request that the trial jury, rather than the Court, make the forfeiture determination as to his interest, see Fed. R. Cr. P. 32.2(b)(4), the defendant here elected to proceed before the Court prior to trial.

preliminary order, if necessary, to account for any third-party rights. See 32.2(c)(2).

       I have spoken with Roland Thau, Esq., counsel for the defendant, about the forfeiture allegation, and both parties agree that a forfeiture hearing is not necessary in light of the ample record in this case regarding the asset at issue. Accordingly, the parties propose that the forfeiture allegation be decided on the parties' briefs, which will be submitted simultaneously in three weeks.

       Finally, I have contacted Leslie Jones Thomas, Esq., counsel for Yvonne Lavayan, to determine whether Ms. Lavayan intends to file a petition asserting an interest in the $19,000 in cash, but have not heard back from her.

       Respectfully submitted,

       MICHAEL J. GARCIA
       United States Attorney

By: _____
       Brendan R. McGuire
       Assistant United States Attorney
       212.637.2220

cc:    Roland Thau, Esq. (via fax)

*[Handwritten note:]* The parties may submit their briefs regarding the forfeiture of the $19,000 in three weeks, and the Court will take up the matter at sentencing.

SO ORDERED
_____
KENNETH M. KARAS U.S.D.J.
3/5/07

-2-