April 20, 2007

**by fax 805-7968 and filed electronically**

Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

**RE:    United States v. Vito Forestier
        05 Cr. 1280 (KMK)**

Your Honor:

      We respectfully oppose the government's motion for criminal forfeiture of approximately $4000.00 of the $19,000.00 seized from our client's car following his arrest, November 6, 2005, pursuant to Federal Rules of Criminal Procedure Rule 32.2(b). This opposition addresses only the smaller of the above amounts because Mr. Forestier and Yvonne Levayen (his "common law wife") each testified that proximately $4000 of the total amount was his and the balance hers, such that we believe that Mr. Forestier has no standing with respect to Ms. Levayen's funds, as to which we are given to understand that her own attorney has undertaken to protect her assets.

      Mr. Forestier was convicted of possessing heroin with intent to distribute on November 6, 2005, and not of ever that day or even once before, having actually distributed this substance or any other prohibited controlled substance.

      It is axiomatic that a criminal forfeiture of funds may not be ordered unless the government have proven that there is a factual nexus between the funds and the crime of which a defendant was convicted. Here, there was no evidence at all, either during the hearing on the motion to suppress or at trial itself, that the money seized was the product of a narcotic transactions or any other criminal conduct. Indeed, in both proceedings, Mr. Forestier and Ms. Levayen were the only witnesses who testified about the source of the $19,000. No affirmative evidence about the source of the money was offered by the government in its case in chief, nor did the government offer rebuttal evidence to the defense evidence on this subject.

      The government cross-examined Mr. Forestier at great length concerning his prior relationship with a certain "Kenny", asking over 70 questions, many of which posited that the defendant had previously and often purchased enormous quantities of narcotics from "Kenny"

Honorable Kenneth M. Karas                                                                          April 20, 2007
United States District Judge                                                                          Page 2

**RE:**    <u>United States v.  Vito Forestier</u>

for the purpose of reselling it but, the government chose not to call Kenny or any other witness to testify to any such conduct although it presumably could have done so since its *in camera* good-faith presentation from which defense counsel was excluded must of necessity have satisfied the court that the government was asking its numerous accusatory questions of the defendant because it had reliable information that the conduct suggested by the questions had actually been committed although the defendant denied it.

    Thus, the only evidence concerning the source of the funds was that they were a combination of an inheritance by Mr. Forestier; a settlement of a lawsuit corroborated with a check from his lawyer; collection from an insurance company for collision property damage to his car; periodic earnings for repairing cars and motorcycles and finally savings by Ms. Levayen from her full-time jobs at law firms.  While cynics might not be completely convinced by the total accuracy of that testimony, skepticism about it, in the absence of affirmative evidence to the contrary does not constitute evidence that $4000 here at issue where fruits of Mr. Forestier's pre-November 6, 2005, "innuendoed"  narcotics trafficking as to which there was absolutely no evidence and with respect to which the government was either unable or unwilling to produce any evidence, notwithstanding its representation to the court that it had a good-faith basis for asking the numerous accusatory questions to which the defense objected.  We note further that the government and defense agreed to each rely on the evidence already before the court rather than supplement that evidence by calling an additional witnesses.  Thus, the government once again,  post-trial, chose to not call the witnesses referred to above and who might have offered evidence relevant to the forfeiture issue.  And

    Accordingly, we respectfully request that the Court deny forfeiture of  $4000 out of the $19,000 seized, leaving it to counsel for Ms. Levayen to deal with the balance.  To the ballots

                                                                                        Respectfully,
                                                                                        /s/
                                                                                        Roland Thau
                                                                                        Staff Attorney
                                                                                        Tel.: (212) 417-8733

cc:    Brendan R. McGuire, Esq.,
        Assistant United States Attorney
        By fax (212) 637-2387