June 29, 2007

**ECF filed and by hand**

Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

**RE:    United States v.  Vito Forestier**
              **05 Cr.  1280 (KMK)**

Your Honor:

    We respectfully request that Your Honor sentence Mr. Forestier to no more than one month's custody on Count I and to the statutorily mandatory,  consecutive minimum of 60 months on Count II and that the Bureau of prisons enroll him in its substance abuse rehabilitation program.  We will not reargue here our Rule 29 motions which were denied (trial transcript at 299-300 and 658) but will allude to the paucity of evidence as to each charge in support of an argument for leniency.  We note in that connection that (at Tr. 299, line 25 and 300, lines 13-4) Your Honor observed that our Rule 29 motion addressed to Count II (the weapon's count) was a closer call than on Count I.

    The advisory sentencing guidelines range is 10 to 16 months for Count I.  We do not dispute the accuracy of the Probation Department's Sentencing Guidelines calculation but suggest that a non-guideline sentence of not more one month on Count I would be reasonable and appropriate in the overall circumstances of this case,  all the more so since a 60  months consecutive sentence is required to be imposed on Count II.  The Probation Department' recommendation that Your Honor impose  a 10 month sentence on Count I  should be of no moment,  since except in very rare and extraordinary circumstances,  it never recommends a non-guidelines sentence. The Probation Department appears to presume that the sentencing guidelines range is almost always  reasonable,  rejecting the notion that a fair application of 18 U.S.C. 3553(a) frequently justifies the imposition of a non-guideline sentence. The Supreme Court has made it clear that no such presumption applies in District Courts.  Rita v. United States, —U.S.—, 2007 WL 1772146 (U.S.).

    Mr. Forestier had some 43 street baggies of heroin in his possession when arrested. According to the evidence adduced at the hearing on the motion to suppress and at trial, 40 of those had been acquired by him a few minutes before his arrest and a few blocks from its scene. These were concealed in his underwear and the others were elsewhere in his car.  It was not

Honorable Kenneth M. Karas                          June 29, 2007
United States District Judge                        Page 2
Southern District of New York

**RE:    United States v.  Vito Forestier**
        **05 Cr.  1280 (KMK)**

disputed by the government that, at the time,  Mr. Forestier was a heroin addict whose urine
tested positive for heroin when taken by the Pretrial Services agency of this Court and was
enrolled in a methadone withdrawal program at the Metropolitan Correctional Center when
remanded there the day after his arrest.  Since Mr. Forestier was clearly running out of heroin
when he reached the Bronx and had ample funds to purchase the 40 baggies which he hid on his
person, it is more than reasonable to infer that at least some of these 40s were intended for his
personal use.  The jury was asked to infer (and it did) that at least one  of the baggies was
intended to be distributed.  It did not decide how many and what evidence or reasoning  it would
have employed to conclude that a specific number of then was intended for distribution rather
than for personal use.  Thus, having been given legal instructions that they were to convict if only
one of these baggies was intended to be distributed,  it is entirely plausible to suppose that (had it
been asked)  the jury would have found that most of Mr. Forestier's heroin was for personal use
and we ask the Court to recognize that notwithstanding the verdict, the evidence supports a
conclusion that, given his addiction and that he was running out of personal-use stock when he
bought the 40 baggies,  a lion's share of the heroin was for Mr. Forestier's own  use.  The bottom
line this analysis is that in the absence of any evidence about the number of these baggies Mr.
Forestier intended to distribute, it is entirely logical to infer that this addict intended to keep most
of it for himself.

        We note also that the firearm was but one of the countless items of personal property
which was in the car because the family was splitting up  and had removed all its belongings
from Staten Island where it had lived together.  The police confirmed that the defendant told
them of the family's  move and that a relative of Ms. Levayen (Mr. Forestier's "common law
wife") had come to pick up a substantial amount of  that property.  Thus, with respect to the
weapon as to which Your Honor made the comments referred-to above,  it was just one of the
many items transported in a car that day.

        While the above is not a reargument of our Rule 29 motions, we deem it nonetheless
relevant at sentencing time in part because it tends to shed light on Mr. Forestier's state of mind
and intentions in relation to the drugs and the weapon.

        Mr. Forestier is basically a first offender.  He is poorly educated and none too
sophisticated.  He needs substance abuse rehabilitation and vocational training.  He has a five or
six-year-old child and a supportive "common-law wife". He has been in custody since the day of
his arrest, November 6, 2005, first at the MCC in Manhattan and lately at MDC in Brooklyn.
These pretrial detention facilities have lacked much of what is available to sentenced prisoners
elsewhere.

Honorable Kenneth M. Karas                          June 29, 2007
United States District Judge                         Page 3
Southern District of New York

**RE:    United States v.  Vito Forestier**
      **05 Cr.  1280 (KMK)**

Factual errors in  presentence report.

Page 3, paragraph 6.
Mr. Forestier asserts that he was not in fact disciplined as suggested there but that in a MCC-tape-recorded telephone conversation he had with Ms. Levayen, he asked her to convey a message to his grandmother,  not knowing that this was not permitted and was given a warning not to do it again on pain that he be punished in the manner described.

Page 3, n.1.
Mr. Forestier never pled guilty nor withdrew such pleas.

Page 7, paragraphs 35-36.
Paragraph 35 must have a typographical error as it is highly unlikely that Mr. Forestier would have been sentenced to pay a $35 fine in 1993 for conduct which was not to occur until 1998, five years later.

Paragraph 36.
We move to strike the last two sentences of this paragraph as they may  unduly influence the Bureau of prisons classification and treatment of  Mr. Forestier.  In a long-ago case in which he was charged with breach of  peace and disorderly conduct, a reference to razors suggests violence and rank hearsay about "selling drugs" is also unfairly prejudicial.  If, as claimed, the defendant and others were "flagging down cars" in the middle of the road such that they were nearly run over, it is highly unlikely that they would have done so as they were selling drugs.

Accordingly, we respectfully request that, applying 18 United States Code 3553(a),  Your Honor impose a custodial sentence of not more than one month on Count I,  a consecutive sentence of 60 months on Count II, order that the Bureau of Prisons enroll Mr. Forestier in its substance abuse rehabilitation program and recommend that he serve his custodial sentence in or as close to the New York metropolitan area as possible.

Respectfully,


Roland Thau
Staff Attorney
Tel.: (212) 417-8733 I

cc:    Brendan R. McGuire, Esq.,
      Assistant United States Attorney
      By fax (212) 637-2387