

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

July 27, 2007

BY ECF and HAND DELIVERY

The Honorable Kenneth M. Karas
United States District Judge
500 Pearl Street, Room 920
New York, NY 10007

      Re:   **United States v. Vito Forestier**
              **05 Cr. 1280 (KMK)**

Dear Judge Karas:

      The Government respectfully submits this letter to ask the Court to reconsider the Government's argument that the defendant's possession of $19,000 constitutes relevant conduct for sentencing.  As discussed in its initial sentencing submission dated July 6, 2007, and at the sentencing conference on July 13, 2007, the Government maintains that the defendant's prior purchases of heroin from Kenny fall squarely within the definitions of "common plan or scheme" and "same course of conduct" provided by the Sentencing Guidelines and the case law, and therefore, should be considered relevant conduct for Count One.

      At the July 13, 2007 conference, the Government indicated that it was prepared to call a witness to testify about Kenny's sales of heroin to the defendant.  The Government noted that this witness would not be Kenny himself.  After further consideration, the Government has decided not to call a witness in support of its relevant conduct argument.  Instead, the Government rests on its July 6, 2007, submission.  As discussed in that submission, the following evidence proves by a preponderance of the evidence that the defendant was a drug dealer who sold at least 300 grams of heroin during the period leading up to his arrest:

      (i) the 43 glassines of heroin recovered from the defendant and his car;

      (ii) the 190 $100 bills bundled together in the same bag as the defendant's loaded gun, all of which were within arm's reach of the defendant inside the car;

      (iii) the false testimony of the defendant and Yvonne Levayan regarding the source of the $19,000;

      (iv) the defendant's bulletproof vest;

      (v) the defendant's cell phone, which indicated calls to Kenny twice within the week leading up to his arrest and which contained the "Phonetap" number;

      (vi) the defendant's testimony that every time he spoke to Kenny on the phone he purchased drugs from Kenny; and

      (vii) the defendant's false testimony about why he had the "Phonetap" number in his cellphone.

      All of this evidence is consistent with and corroborated by the information provided by Kenny regarding the defendant's prior heroin trafficking, which is described in the Government's prior submission. Therefore, the Government seeks a base offense level for Count One commensurate with the sale of $19,000 worth of heroin (300 grams), which yields an offense level of 26 and a Sentencing Guidelines range of 63 to 78 months. Accordingly, because the Court determined that at least a two-level enhancement for obstruction of justice also applies, the applicable Sentencing Guidelines range for both Counts One and Two is 138 to 157 months.

      Finally, during the July 13, 2007 conference, the Court asked what effect, if any, United States v. Booker, 543 U.S. 220 (2005), and its progeny may have on the Court's relevant conduct analysis here. United States v. Vaughn makes clear that the answer is none. 430 F.3d 518, 527 (2d Cir. 2005). As the Second Circuit explained, "district courts remain statutorily obliged to calculate Guidelines ranges in the same manner as before Booker and to find facts relevant to sentencing beyond a preponderance of the evidence." Id. at 526 (citing United States v. Garcia, 413 F.3d 201, 220 n.15 (2d Cir.2005) and United States v. Crosby, 397 F.3d 103, 112 (2d Cir. 2005)). Thus, district courts may find facts relevant to sentencing by a preponderance of the evidence as long as the judge does not impose (1) a sentence in the belief that the Guidelines are mandatory; (2) a sentence that exceeds the statutory maximum authorized by the jury verdict; or (3) a mandatory minimum sentence not authorized by the verdict. Id. at 527 (citing United States v. Gonzalez, 420 F.3d 111, 129 (2d Cir. 2005) (holding that drug quantity must be proven to a jury beyond a reasonable doubt or admitted by a defendant where the quantity triggers a change in both a mandatory minimum sentence and a maximum sentence)). Here, as in Vaughn, the defendant was convicted of Count One under 21 U.S.C. § 841(b)(1)(C), and the statutory sentencing range is zero to twenty years' imprisonment. The Government is seeking a sentence of 63 to 78 months for Count One, which is well within the twenty year statutory maximum, and the Government is not seeking any mandatory minimum sentence. Therefore, the preponderance of the evidence standard applies, and the Court should consider relevant conduct in this case in the same manner it would have pre-Booker.

      Accordingly, the Government respectfully requests that the Court impose a prison sentence within the 138 to 157 months range provided by the Guidelines.

          Respectfully submitted,

          MICHAEL J. GARCIA
          United States Attorney

By:   /s/ Brendan R. McGuire
      Brendan R. McGuire
      Michael Q. English
      Assistant United States Attorneys
      (212) 637-2220 / 2594

cc:   Roland Thau, Esq. (by ECF and hand delivery)
      Counsel for Vito Forestier

      Kisha C. Singleton (by hand)
      U.S. Probation