# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Leonard F. Joy
*Executive Director*

Southern District of New York
John J. Byrnes
*Attorney-in-Charge*

August 10, 2007

**ECF filed and by hand**

Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

  RE:   **United States v. Vito Forestier**
        **05 Cr. 1280 (KMK)**

Your Honor:

We reply to the government's July 27, 2007, letter asking the court to "reconsider the Government's argument that the defendant's possession of $19,000 constitutes relevant conduct for sentencing" such that the appropriate sentencing guidelines range on Count I should be 63 to 78 months instead of the 10 to 16 months found by the Department of Probation based on the quantity of heroin in Mr. Forestier's possession, for which he was convicted at trial and as to which probation recommends a sentence of 10 months.

Since the government is not now reviving its criminal forfeiture argument of July 13, 2007, we deem that motion to be an abandoned or withdrawn, all the more so since the government and I have discussed the possibility of settling the matter on "50-50" terms to avoid a costly, time-consuming and cumbersome civil forfeiture action. Accordingly we do not address here the merits of the government's criminal forfeiture motion.

As Your Honor pointed out on July 13th, the government's proposed relevant conduct enhancement would multiply Mr. Forestier's exposure on Count I by a factor of some six to almost eight: 63-78 compared to 10-16 months based on nothing more than the amount of money, the number of glassine envelopes (43) of heroin, the cell phones all found in his car and the defendant's testimony that he had previously bought heroin from the by-now "legendary" government informant Kenny.

When the government first urged this huge enhancement, it did so (see Govt. July 6, 2007, letter) by informing the court that Kenny had told the government of a number of drug transactions he had had with the defendant. The government was then taking the position that such a hearsay proffer would satisfy the spirit of due process, notwithstanding that the defendant would thereby have no opportunity to confront the declarant. The government never called Kenny at trial although it made extensive use of information ostensibly provided by him in its cross-examination of Mr. Forestier.

Honorable Kenneth M. Karas  August 10, 2007
United States District Judge  Page 2

RE: **United States v. Vito Forestier**
    **05 Cr. 1280 (KMK)**

When the court expressed some reservations at the appropriateness of considering this hearsay proffer as evidence on the basis of which to enhance as requested, the government proposed a <u>Fatico</u> hearing at which Kenny would not be called but a police officer would testify to statements made by Kenny to the police. The defendant objected to that procedure also on confrontation grounds. Your Honor then directed the government to advise in writing what it intended to propose if a <u>Fatico</u> hearing were to be held.

In its July 27 letter, the government advises that it does not wish to have a <u>Fatico</u> hearing. It now relies solely on the trial evidence to support its huge relevant conduct enhancement proposal. There was no affirmative evidence of prior drug trafficking conduct by the defendant at trial, and the inferences and esoteric and speculative mathematics urged by the government at our July 13 hearing do not support the government's proposed enhancement.

<u>Enhancement for obstruction of justice - perjury.</u>

Although forfeiture and relevant conduct where discussed and argued at length by the parties at our July 13 conference, enhancement for construction of justice/perjury was not at all. At Tr. 28-30, however Your Honor expressed an intention to enhance by two levels on that ground. We respectfully request that Your Honor not do so for reasons set forth in our sentencing letters of June 29, and July 11, 2007, which we incorporate herein by reference.

Moreover, since equality under the law perforce invites comparisons, it might be well to ponder -- when it comes to lying and its appropriate punishing consequences– that the president of the United States has deemed it just and appropriate to commute the entire jail sentence of a former high government official and accomplished attorney (Lewis "Scooter" Libby) following his conviction for perjury; that the Attorney General of the United States is now almost universally believed to be a perjurer and that a general of United States Army has been found to have been untruthful and simply demoted in connection with wether an American soldier had been killed by "friendly" or enemy fire. In this context --where hapless barely literate first offender Mr. Forestier must go to jail for more than five years-- we respectfully suggest that the Court exercise its lenity authority and prerogatives by not imposing an obstruction enhancement.

Respectfully,

Roland Thau
Staff Attorney
Tel.: (212) 417-8733

cc: Brendan R. McGuire, Esq.,
    Michael Q. English, Esq
    Assistant United States Attorneys
    By fax (212) 637-2387